[No. B055275. Second Dist., Div. Four. June 10, 1992.]

JOSE AYALA et al., Plaintiffs and Respondents, v.
SOUTHWEST LEASING AND RENTAL, INC., et al., Defendants and
Appellants.

[REDACTED]

**COUNSEL**

C. Curtis Scott, Roland E. Ginsburg and Jerome Adler for Defendants and Appellants.

Stone, Dolginer & Wenzel and Mark D. Wenzel for Plaintiffs and Respondents.

**OPINION**

**WOODS (A. M.), P. J.**—Respondents Jose Ayala and Jorge A. Urrutia, the plaintiffs in this personal injury action, received arbitration awards of $15,000 each against appellant Southwest Leasing and Rental, Inc., and $18,000 each against appellant James Hornell. When no request for trial de novo was filed within 30 days, the award was entered as the judgment. Ten days later appellants filed an untimely request for trial de novo. The request was denied. Appellants then moved to vacate the judgment pursuant to Code of Civil Procedure section 473. The motion was denied, and this appeal followed. After review, we affirm.

The arbitrator's award in this case was filed on July 20, 1990. On August 21, 1990, that award was filed and entered as the judgment. Appellants' untimely request for trial de novo was filed on August 31, 1990. Their motion to vacate the judgment was supported by the declaration of Attorney C. Curtis Scott, who declared that on August 2, 1990, his office took over responsibility from another law firm for 250 to 300 Southwest cases, including this case. He stated that he did not timely file the request for trial de novo in this case "for the simple reason that I was not informed of the adverse arbitration award until after the deadline of August 20, 1990 for requesting Trial De Novo." He did not explain how or when he became informed of the award, but declared that his office subsequently took steps, including staff changes and weekly calendar meetings, to avoid similar problems.

In opposition to the motion, respondents' counsel declared that this action involved a vehicle accident in which the question was "who ran the red lights." He stated that appellants did not present any evidence at the arbitration hearing and did not "seriously contest that the plaintiffs' injuries were at least sufficient to warrant awards against Southwest Leasing in the maximum amount allowable by law for owners of vehicles ($15,000.00 per plaintiff)." He argued that this demonstrated appellants' failure to take judicial arbitration seriously, and that this affront to the court was compounded by appellants' failure to timely file their request for trial de novo. He asserted that excusable neglect had not been shown because the declaration in support of the motion established merely that counsel for appellants had accepted more business than he could competently handle.

The trial court denied the motion on the ground that appellants had made no credible or persuasive showing which would justify relief pursuant to Code of Civil Procedure section 473.

I

Code of Civil Procedure section 473 provides in part: "The court *may*, upon such terms as may be just, relieve a party or his or her legal representative from a judgment . . . taken against him or her through his or her mistake, inadvertence, surprise or excusable neglect." (Italics added.) Section 473 was amended in 1988 to add the following provision: "Notwithstanding any other requirements of this section, the court *shall*, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a *default judgment*, or (2) resulting *default judgment* entered against his or her client, unless the court finds that the default was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect."[1] (Italics added.)

Appellants contend that they satisfied the requirements of the latter provision, and for this reason the trial court was required to grant their motion to vacate the judgment against them. This contention lacks merit. The mandatory portion of Code of Civil Procedure section 473 is not applicable because there was neither a default judgment nor a default which would result in the entry of a default judgment in this case.

---

[1] Much of appellants' discussion of the issues in this case seems to be based on the premise that this amendment had the effect of negating the permissive language of the statute. This premise is erroneous. The permissive language, present in the statute since its enactment in 1872 (see Historical Note, 15 West's Ann. Code Civ. Proc. (1979 ed.) § 473, p. 96), remains to this date.

A similar issue was addressed in *Billings* v. *Health Plan of America* (1990) 225 Cal.App.3d 250 [275 Cal.Rptr. 80], where the appellant contended that the mandatory provisions of Code of Civil Procedure section 473 should be construed to encompass orders of dismissal. Division One of this court rejected that contention, reasoning that the language of the mandatory portion of the statute clearly and unambiguously applied exclusively to default judgments caused by an attorney's mistake, inadvertence, surprise or neglect. The *Billings* court reviewed the legislative history of the amendment and noted a senate committee memo which stated that the purpose of the amendment was "to ' "provide a basis for deterring the occurrence of default judgments." ' [Citation.]" (225 Cal.App.3d at p. 257.) The court concluded this history demonstrated a legislative intent that the statute be narrowly construed. (*Ibid.*)

Although the case before us concerns a money judgment rather than an order of dismissal, we agree with Division One that the Legislature meant what it said when it added the mandatory language relating to relief from default judgments.

This case does not involve a default judgment. Respondents not only answered the complaint, they also participated in discovery and in an arbitration hearing. The judgment entered upon the arbitrator's award had the same force and effect as any other civil judgment. (Code Civ. Proc., § 1141.23; Cal. Rules of Court, rule 1615.) Therefore, respondents' motion to vacate the judgment fell within the discretionary, rather, than the mandatory, provisions of Code of Civil Procedure section 473.

II

As we have previously noted, the trial court found that appellants made no "credible or persuasive showing to justify relief under any provision of CCP 473[.]" ▉ Appellants contend "that persuasive or not" they established excusable neglect and that the trial court's conclusion to the contrary constituted an abuse of discretion.

▉ Our review of this issue is guided by familiar principles which require that we indulge all legitimate and reasonable inferences to uphold the judgment and reverse only upon a showing that the trial court exceeded the bounds of reason in light of all the circumstances. (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 597-598 [153 Cal.Rptr. 423, 591 P.2d 911]; *In re Marriage of Slivka* (1986) 183 Cal.App.3d 159, 163 [228 Cal.Rptr. 76].) On matters of credibility, we defer to the trial court. (*Evje* v. *City Title Ins. Co.* (1953) 120 Cal.App.2d 488, 492 [261 P.2d 279].) ▉ Applying

these principles, we are unable to find any abuse of discretion in the trial court's order denying relief under section 473.

Noticeably absent from the declaration in support of the motion was any explanation as to why appellants' former counsel failed to request trial de novo before transferring the file to appellants' present counsel. Also absent was any explanation of the circumstances under which appellants' present counsel became aware that his office had not filed the request in a timely manner. The fact that appellants' counsel voluntarily took over a large number of cases in which respondent Southwest was a party is not, in and of itself, sufficient to show excusable neglect. Under such circumstances it is obviously necessary to take immediate precautions to avoid missing any one of the many procedural time limitations which are intrinsic to civil litigation. The failure to do so does not constitute excusable neglect.

Thus, even if the trial court had found counsel's explanation credible, it would not have abused its discretion in denying the motion. It follows, a fortiori, that no abuse can be demonstrated where the explanation was both insufficient and specifically found to be lacking in credibility.

For the foregoing reasons, the judgment is affirmed.

Epstein, J., and Stephens, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal, Second District, sitting under assignment by the Chairperson of the Judicial Council.