[No. B081426. Second Dist., Div. One. Apr. 6, 1995.]

SANDRA TODD, Plaintiff and Respondent, v.
THRIFTY CORPORATION, Defendant and Appellant.

**COUNSEL**

Haight, Brown & Bonesteel, Rita Gunasekaran and Brian J. Fields for Defendant and Appellant.

Ellis & Kingston, Phillip M. Dezen and Howard Gertz for Plaintiff and Respondent.

**OPINION**

MASTERSON, J.—After the trial court dismissed her case for failure to comply with a discovery order, plaintiff moved to vacate the dismissal under Code of Civil Procedure section 473. In support of the motion, plaintiff's

counsel submitted a declaration stating that plaintiff's ill health and other personal problems were the primary reasons for not complying with the order. The trial court found that those reasons did not constitute excusable neglect and tentatively decided to deny the motion. However, plaintiff's counsel then filed a supplemental declaration stating, contrary to the previous one, that the violation of the order was primarily his own fault. The trial court vacated the dismissal based on counsel's supplemental declaration.

On appeal, defendant claims that the trial court abused its discretion in granting plaintiff's motion to vacate the dismissal. We agree and accordingly reverse the order vacating the dismissal.

## BACKGROUND

On October 10, 1990, approximately two days before the statute of limitations would have run, plaintiff filed her "slip and fall" action against defendant Thrifty Corporation (Thrifty). She waited nearly two more years before serving the complaint. Thrifty promptly filed an answer. On September 3, 1992, Thrifty served plaintiff with a set of interrogatories, a document demand, and a request for a statement of damages.

Plaintiff's responses to these discovery requests were due by early October 1992. Nevertheless, six months later, in April 1993, plaintiff still had not responded to the discovery, despite Thrifty's inquiry into the delay.

On April 27, 1993, Thrifty filed and served a motion to compel. Plaintiff did not oppose the motion and did not appear at the hearing. On May 26, 1993, the trial court granted the motion and ordered plaintiff to provide discovery responses within 20 days.

Although plaintiff received notice of the court's ruling, she did not comply with the order in any respect. Thus, on July 9, 1993, Thrifty served plaintiff with a motion to dismiss the action based on her failure to comply with the court's order. The motion was filed with the court on July 13.[1] Plaintiff did not oppose the motion to dismiss and did not appear at the hearing. On August 20, 1993, the trial court dismissed the action. Notice of dismissal was sent to plaintiff.

On September 7, 1993, plaintiff filed a motion to vacate the dismissal under Code of Civil Procedure section 473. A supporting declaration from

---

[1] The hearing on the motion was originally scheduled for August 3 but was subsequently changed to August 20. On July 16, over a month before the new hearing date, Thrifty served plaintiff with a notice indicating that the hearing date had been changed.

plaintiff's counsel explained plaintiff's failure to comply with Thrifty's discovery requests and the court's order as follows:

"4. In September, 1992, defendants propounded discovery on this attorney, and documents were sent by me to plaintiff[] for response.

"5. Due to reasons of ill health of plaintiff and her husband, and other family and business emergencies of plaintiff, the discovery was not immediately researched and responded to, and I did not adequately track the timing for response.

"6. Upon being reminded by defendant's attorneys that information was due from plaintiff, I contacted my clients to ascertain their problems in responding.

"7. Ultimately, [i]n early 1993, defendant's counsel sought and obtained an order compelling response.

"8. Due to the continuing ill health of plaintiff and her husband, and other family and business emergencies of plaintiff, the discovery was not immediately researched and responded to, and I did not adequately track the timing for response."

The declaration also explained the failure of plaintiff's counsel to attend the August 20 hearing on Thrifty's motion to dismiss: "In the present case my client's illness and other business and family problems caused an initial delay, but my having miscalendared the date for defendant's motion . . . resulted in my missing the hearing date of August 20, 1993."[2]

Thrifty filed an opposition to plaintiff's motion to vacate, and the matter was heard on October 19, 1993. At the hearing, plaintiff's counsel again emphasized that his client's personal problems caused the failure to comply with the discovery requests and the court's order: "I am dealing with a plaintiff who has been severely incapacitated, who has had personal family health problems and family tragedies and business problems—only some of which spring from the accident, but all of which lent themselves to not getting the information in time from the plaintiff."

The court indicated that its tentative ruling was to deny the motion to vacate because plaintiff's evidence (i.e., her attorney's declaration) failed to establish that plaintiff's "health was in such a precarious condition that [s]he could not cooperate with you in responding to interrogatories."

---

[2]Plaintiff's counsel mistakenly calendared the hearing for *September* 20, a month late.

The court then suggested another option available to plaintiff's counsel—that he file an "attorney declaration of fault" claiming that his own mistakes, not his client's personal problems, had caused plaintiff to violate the discovery statutes and the court's order. Plaintiff's counsel agreed to file such a declaration. The court postponed ruling on the motion to vacate and scheduled another hearing on the matter for November 19, 1993.

The day before the second hearing, plaintiff's counsel filed a supplemental declaration in which he personally accepted blame for plaintiff's failure to comply with Thrifty's discovery requests and the court's order. For example, the new declaration, unlike the first one, contained the following statements: "I did not provide a level of counsel and support to my client that I would expect to receive if I were a client. [¶] . . . I ask that my client not be held responsible for decisions of a legal nature which she retained me to make."³ By minute order dated November 19, 1993, the court granted plaintiff's motion to vacate the dismissal.

Thrifty timely appealed from the order vacating the dismissal.

## DISCUSSION

On appeal, Thrifty contends that the trial court erred in vacating the dismissal of plaintiff's case. We review that decision for an abuse of discretion. "[T]he term judicial discretion implies absence of arbitrary determination, capricious disposition, or whimsical thinking. It imports the exercise of discriminating judgment within the bounds of reason. To exercise the power of judicial discretion, all the material facts must be known and considered, together also with the legal principles essential to an informed, intelligent and just decision. [Citation.]" (*Deyo* v. *Kilbourne* (1978) 84 Cal.App.3d 771, 796 [149 Cal.Rptr. 499].)⁴

Section 473 of the Code of Civil Procedure provides in pertinent part: "The court may . . . relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. . . . Notwithstanding any other requirements of this section, the court shall, whenever an application for relief . . . is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise,

---

³The supplemental declaration does not indicate the precise nature of counsel's alleged mistakes. Apparently, he claims that he should not have accepted his client's own word about her medical condition but should have had a medical expert determine if she was capable of responding to Thrifty's discovery requests.

⁴The order vacating the dismissal is appealable. (*Billings* v. *Health Plan of America* (1990) 225 Cal.App.3d 250, 253, fn. 1 [275 Cal.Rptr. 80].)

or neglect, vacate any . . . resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect."

The first portion of Code of Civil Procedure section 473, providing that the court "may" relieve a party from a dismissal, vests the trial court with the discretion to vacate a dismissal based on a party's or attorney's excusable neglect. Here, the trial court found that plaintiff's motion did not satisfy the excusable neglect standard; the evidence did not establish that plaintiff's poor health or other personal problems justified the violation of the discovery statutes or the court's order. Thrifty plainly does not take issue with this ruling.

■ The second portion of Code of Civil Procedure section 473, concerning the attorney affidavit of fault, is mandatory in nature: "When a default [or dismissal] is the attorney's fault the court must grant a timely noticed motion for relief. The only limitation is when the court finds [that] the default [or dismissal] was not in fact the attorney's fault, for example when the attorney is simply covering up for the client. . . ." (*Rogalski* v. *Nabers Cadillac* (1992) 11 Cal.App.4th 816, 821 [14 Cal.Rptr.2d 286], citation omitted.) Thus, "[t]he court must also find that the default [or dismissal] was actually caused by the attorney's mistake, inadvertence, surprise or neglect. . . ." (*Billings* v. *Health Plan of America, supra,* 225 Cal.App.3d 250 at p. 256, citation omitted.)

In this case, the evidence filed simultaneously with the motion to vacate the dismissal (i.e., the first declaration of plaintiff's counsel) was to the effect that the failure to comply with discovery obligations and the court's order was attributable primarily to plaintiff's personal problems. Although a calendaring error caused plaintiff's counsel to miss the hearing on Thrifty's motion to dismiss, we find no basis for concluding that his presence would have altered the outcome.[5] Thus, to the extent plaintiff's counsel made any mistakes, in calendaring the hearing or otherwise, they did not "actually cause" the dismissal.

Further, the evidence filed the day before the second hearing on the motion to vacate (i.e., the supplemental declaration of plaintiff's counsel)

[5]As of the August 20 hearing, plaintiff's discovery responses were 10 months overdue under the deadlines imposed by the original requests and were 2 months late under the court's order. Moreover, even if plaintiff had filed an opposition to the motion to dismiss, we can only assume that she would have made the same argument as on her later motion to vacate the dismissal: her personal problems prevented compliance with the discovery statutes and the court's order. Of course, the trial court found that explanation insufficient in ruling on the motion to vacate; the argument would have been equally unavailing if made in opposing the motion to dismiss.

was, in the words of *Rogalski* v. *Nabers Cadillac, supra,* "the attorney . . . covering up for the client." (11 Cal.App.4th at p. 821.) Having attributed the dismissal to plaintiff's personal problems at the first hearing, counsel could not thereafter attempt to change the facts and blame himself. (Cf. *Hoover Community Hotel Development Corp.* v. *Thomson* (1985) 167 Cal.App.3d 1130, 1141-1142 [213 Cal.Rptr. 750] [in summary judgment context, declarant's prior statement is binding despite subsequent conflicting statement; prior statement destroys all credibility of subsequent statement].) The trial court should have disregarded counsel's supplemental declaration.

Because plaintiff's counsel's mistakes, if any, did not cause the dismissal of the lawsuit, the trial court abused its discretion in vacating the dismissal.

## DISPOSITION

The order vacating the dismissal is reversed, and the trial court is directed to reinstate the order of dismissal. Each side shall bear its own costs.

Spencer, P. J., and Vogel (Miriam A.), J., concurred.