Opinion
BARON, J.
Section 473 of the Code of Civil Procedure[1] grants a court discretion “upon any terms as may be just,” to “relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect.” (§ 473, subd. (b).) In addition, under a separate, mandatory provision, “. . . the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney’s sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in *594 entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney’s mistake, inadvertence, surprise, or neglect.” (Ibid., italics added.)
In Ayala v. Southwest Leasing & Rental, Inc. (1992) 7 Cal.App.4th 40 [8 Cal.Rptr.2d 637], this court held that the mandatory provision of section 473 does not apply where due to a late request for a trial de novo by the defendants, an arbitration award becomes final and is entered as the judgment. Since Ayala was decided, section 473 was amended, and the phrase “or dismissal” was added to subdivision (b)(2). In this case, we address the issue of the applicability of section 473’s mandatory provision where the plaintiff initially fails to appear at the arbitration, resulting in the entry of a defense award, and then fails to timely request a trial de novo. We conclude that where the plaintiff loses the opportunity to participate in the arbitration due to negligence of counsel, and the award becomes final also due to attorney misfeasance, the mandatory provision does apply.
Factual and Procedural Background
Appellant Angeline Yeap filed a complaint for medical malpractice on September 1, 1993. Discovery was conducted, and a defense motion for summary judgment heard and rejected. Appellant filed an undertaking in the amount of $12,500 pursuant to section 1030. A January 12, 1995, status conference was attended by Amoldo Casillas, an associate with the law firm of Moreno, Becerra & Guerrero, on behalf of appellant. There, the matter was ordered into judicial arbitration. Casillas and counsel for defendant went to the clerk’s office, agreed to an arbitration date of April 12, 1995, and chose retired Judge Robert Einstein as the neutral arbitrator.
Casillas’s secretary had recently resigned. When he returned to the office, he gave the new secretary notes from the proceedings, but she “did not recognize the notes and did not properly calendar the arbitration hearing date for April 12, 1995.” The arbitration was, therefore, not calendared by the firm at that time.
Gregory W. Moreno, the attorney who intended to try the matter, was advised by his staff “that Mr. Casillas had neglected to submit an ‘Appearance Worksheet’ as is the custom and practice of [the] firm following all court appearances . . . .’’On February 6, 1995, Casillas obtained a copy of the court’s status conference order, because he “could not recollect the outcome of the Status Conference.” The status conference order indicated that the parties were to return postarbitration for a further status conference *595 on June 22,1995. The order did not contain a date for arbitration and did not jog his memory that a date for arbitration had been set. According to his declaration, he calendared April 15,1995, as a date “to contact the arbitrator and set a hearing date if one had not been set by this date,” and “did not recall that an arbitrator had already been selected.” Moreno, after reviewing the order, believed that the parties “had to complete the arbitration hearing by June, 1995.”
No one appeared to represent appellant at the arbitration on April 12. After waiting an horn: for appellant to appear, Judge Einstein rendered an award of “$0.” The arbitration award was filed April 12, 1995, and entered as a judgment on May 15, 1995.
Moreno received notice of the arbitration award on April 18, 1995, and contacted opposing counsel to express surprise and concern that appellant might be forced to pay respondents’ costs if she did not do better at trial thah at the arbitration. (See § 1141.21.) “Although [defense counsel] agreed he would not hold it against [appellant],” Moreno “indicated that it was still [his] intention to file a motion to vacate the award so as to not be sanctioned by the court.” Both sides agreed to waive the discovery cutoff during that conversation. Moreno also contacted the arbitrator to apologize. He asked his secretary, Maria Cruz, to calendar the deadline for requesting a trial de novo. She mistakenly calendared 30 days from the date the notice of arbitration award was received. Both Moreno and Cruz were busy with work on other trials at that time.
Appellant filed a request for trial de novo on May 16,1995. The court sent a letter to appellant’s counsel dated May 22, 1995, stating that the request had been denied as untimely. Moreno stated that he did not receive that letter. Maria Cruz, who prepared and arranged to have the request for trial de novo filed, also denied receiving the letter. Hazel Gonzalez, who reviewed and distributed mail for the office, did not recall seeing that letter.
Appellant filed a motion to have the arbitration award set aside and to have the matter resubmitted to arbitration on May 26, 1995. In the opposition filed on June 14, 1995, respondents pointed out that the request for trial de novo was untimely and that a judgment had already been entered. The hearing was continued to July 27, 1995.
On July 21, appellant attempted to file an ex parte application to shorten time to hear a motion to vacate the judgment or alternatively continue the hearing on the motion to set aside the arbitration award to a date on which both motions could be heard. According to counsel, the clerk refused to file *596 the application because it was “not necessary, moot and redundant given that the [motion to set aside the arbitration award] was already on calendar.” Appellant then prepared a reply to the opposition to the motion to set aside the arbitration award which contained essentially the same facts used to support the proposed motion to vacate.
At the hearing, both sides stipulated to have the matter heard by Commissioner Anita Rae Shapiro. The court indicated that the motion would be considered “a request to file the de novo late” or to “set aside [the] judgment to allow the de novo to be filed” and to allow another arbitration to go forward. Initially, the court gave two reasons for denying the motion: (1) the moving papers failed to address why the request for trial de novo was never filed;[2] and (2) after discovery of the failure to calendar the dates arising from the status conference and assuming that Casillas reported that no arbitration had been set, counsel simply decided to wait three months to see what would happen rather than make an affirmative attempt to schedule the arbitration ordered by the court which was to have taken place within ninety days.[3] The court also questioned why, once the arbitration award in favor of respondents had been entered due to appellant’s failure to appear, counsel did not immediately file the de novo request which would have set aside the award without the necessity of a motion. Counsel for appellant explained that he was primarily concerned with getting the arbitration award set aside by motion so there could be a new arbitration, and did not realize the de novo request was filed late until he received the opposition in June. The motion was denied. The court specified three grounds: (1) “a large amount of the evidence was presented in a reply brief’; (2) “I considered the totality of what happened, and I believe it’s inexcusable neglect”; and (3) “[appellant’s] attorney has a basic misunderstanding of the law[,] . . . there is no such thing as a motion to set aside an arbitration award. A de novo does that automatically when it’s timely filed.”
On August 10, 1995, appellant filed a “Motion to Allow Late Filing of Request For Trial De Novo Pursuant to C.C.P. Section 473 and Set Aside Judgment” based on mistake, inadvertence, and excusable neglect. Appellant *597 contended that because this was a motion to let aside the judgment rather than the arbitration award, it was distinct from the motion heard and decided by Commissioner Shapiro.[4] Appellant apparently attempted to peremptorily challenge Commissioner Shapiro who was not, as it turned out, assigned to the department on the day the hearing was to be held.
The motion was heard by the Honorable James L. Wright. The court stated that the previous motion to vacate under section 1285 should not have been filed because none of the grounds set forth in section 1286.2 existed.[5] The court gave the following reasons for the tentative decision to deny the motion: “[Wjhen you find out a mistake has been made you take the most expeditious way that you can to undo that mistake, if you can. ['][]... [Y]ou knew on . . . April the 18th, that there had been an arbitration award entered by the arbitrator. . . because you had a copy of the document in your hand. [H ... You knew that you wanted to file a de novo. You gave specific instructions to your staff to calendar it. And that’s what I don’t understand, to be honest with you, is it would seem to me that diligence would require that I file my de novo right now, to get that out of the way on the 18th.” Ultimately, the court denied the motion, stating these grounds for the record: “The first point is that there appears to have been a breakdown in the office of counsel for plaintiff in calendaring the original arbitration. [fQ The second is that there appears to have been a failure to exercise appropriate discretion when counsel learned that the arbitration award had been entered. [*][] The third is that counsel failed to exercise appropriate responsibility in insuring that appropriate docketing of the deadline for filing a request for trial de novo was made. [<¡0 The fourth ground is that I am not certain that [Code of *598 Civil Procedure section] 1285 applies at all to this proceeding, because as I understand this, this was a court ordered arbitration. I believe 1285 applies to volunteer arbitrations. [Ü . . . [H The fifth ground is that the motion was filed originally, in response to these proceedings, was contemplated as of April 18th, but was not properly filed and was not filed within the time permitted by law. [<]0 Those matters, in combination, appear to this court to create a substantial showing that there was not excusable neglect.”
Notice of entry of the judgment based on the arbitration award was served on August 10, 1995. Notice of appeal from the orders denying relief was filed on October 5, 1995.
Discussion
I
The standard of review to be applied by the appellate court in reviewing a decision to deny relief under the discretionary provisions of section 473 has been stated as follows: “In reviewing the evidence in support of a section 473 motion, we extend all legitimate and reasonable inferences to uphold the judgment. The disposition of such a motion rests largely in the discretion of the trial court, and its decision will not be disturbed on appeal unless there has been a clear abuse of discretion. Although precise definition is difficult, it is generally accepted that the appropriate test of abuse of discretion is whether or not the trial court exceeded the bounds of reason, all of the circumstances before it being considered. [Citations.] We have said that when two or more inferences can reasonably be deduced from the facts, a reviewing court lacks power to substitute its deductions for those of the trial court. [Citations.]” (In re Marriage of Connolly (1979) 23 Cal.3d 590, 597-598 [153 Cal.Rptr. 423, 591 P.2d 911]; see also Shamblin v. Brattain (1988) 44 Cal.3d 474, 478-479 [243 Cal.Rptr. 902, 749 P.2d 339]; MJM, Inc. v. Tootoo (1985) 173 Cal.App.3d 598, 603-604 [219 Cal.Rptr. 100].)
Both Commissioner Shapiro and Judge Wright concluded that counsel’s failure to submit the request for trial de novo in a timely fashion was not excusable because, having already subjected his client to one calendaring error resulting in the missed arbitration, he should have moved quickly to undo the damage by requesting a trial de novo as soon as he became aware of the defense award rather than simply ordering his staff to calendar it. Unless the mandatory provision of section 473 applies, we must *599 affirm under the standard set forth above. We turn, therefore, to the question of whether the mandatory provision applies.[6]
n
Rule 1615(d) of the California Rules of Court provides in part: “A party against whom a judgment is entered pursuant to an arbitration award may, within six months after its entry, move to vacate the judgment on the ground that the arbitrator was subject to a disqualification not disclosed before the hearing and of which the arbitrator was then aware, or upon one of the grounds set forth in section 473 or subdivisions (a), (b), and (c) of section 1286.2 of the Code of Civil Procedure, and upon no other grounds.”
In Ayala v. Southwest Leasing & Rental, Inc., supra, 7 Cal.App.4th 40, we looked at the issue of whether the mandatory provision of section 473 governed where defendants, after appearing at the arbitration hearing at which plaintiffs were awarded several thousand dollars, failed to file the request for a trial de novo within the statutory period. The request was filed 10 days late because the case had been transferred, along with 250 to 300 others, to a new set of attorneys. (7 Cal.App.4th at p. 42.) We concluded that the mandatory portion of section 473 was not applicable where “there was neither a default judgment nor a default which would result in the entry of a default judgment. . . .” (7 Cal.App.4th at p. 43.) Under our analysis, Ayala did not involve a default judgment, because the defendants “not only answered the complaint, they also participated in discovery and in an arbitration hearing.”[7] (Id. at p. 44.)
We relied in part on the holding in Billings v. Health Plan of America (1990) 225 Cal.App.3d 250 [275 Cal.Rptr. 80], where a similar issue had *600 been addressed. In that case, a demurrer had been sustained to the complaint. When plaintiff’s counsel failed to file an amendment within 30 days, the action was dismissed. Plaintiff filed a motion to set aside or vacate under section 473, contending that the mandatory provisions applied to dismissals as well as default judgments. The court disagreed: “[Section 473], as plainly written, solely applies to default judgments caused by an attorney’s mistake, inadvertence, surprise or neglect.” (225 Cal.App.3d at p. 256.)
In 1992, section 473 was amended and the words “or dismissal” added to subdivision (b)(2). It appears that this phrase was added to the statute to give parity to plaintiffs whose attorneys’ neglect, surprise, or inadvertence caused them to lose the opportunity to pursue their cases. (See Assem. Com. on Judiciary, analysis of Assem. Bill No. 3296 (1991-1992 Reg. Sess.) as amended May 4, 1992, p. 2 [“The State Bar is the source of [this] provision .... The Bar states that it is illogical and arbitrary to allow mandatory relief for defendants when a default judgment has been entered against them due to defense counsel’s mistakes and to not provide comparable relief to plaintiffs whose cases are dismissed for the same reason.”].) But because “dismissal” is a much broader concept than “default,” courts have wrestled with the question of whether to apply section 473 to specific types of dismissals. The current consensus is that the amendment was not written to cover every situation where a dismissal occurs due to attorney misfeasance and section 473 relief is sought. (See, e.g., Peltier v. McCloud River R.R. Co. (1995) 34 Cal.App.4th 1809, 1824 [41 Cal.Rptr.2d 182] [does not apply to judgments arising from dismissal for failure to prosecute]; Bernasconi Commercial Real Estate v. St. Joseph’s Regional Healthcare System (1997) 57 Cal.App.4th 1078, 1080 [67 Cal.Rptr.2d 475] [does not mandate relief from dismissal for failure to serve a complaint within three years]; Shipley v. Sugita (1996) 50 Cal.App.4th 320, 328 [57 Cal.Rptr.2d 750] [same]; Castro v. Sacramento County Fire Protection Dist. (1996) 47 Cal.App.4th 927, 933 [55 Cal.Rptr.2d 193] [cannot be used to set aside a dismissal based on running of the statute of limitations]; Huens v. Tatum (1997) 52 Cal.App.4th 259, 264-265 [60 Cal.Rptr.2d 438] [cannot be used to vacate a voluntary dismissal entered pursuant to settlement].)
As the court explained in Peltier, the provision should be applied only where the dismissal occurs under circumstances similar to a default: “Under our reading of amended section 473, a plaintiff seeking relief is granted *601 ‘comparable’ relief to that obtained by a defaulting defendant. Thus, a default judgment is entered when a defendant fails to appear, and, under section 473, relief is afforded where the failure to appear is the fault of counsel. Similarly, under our view of the statute, a dismissal may be entered where a plaintiff fails to appear in opposition to a dismissal motion, and relief is afforded where that failure to appear is the fault of counsel. The relief afforded to a dismissed plaintiff by our reading of the statute is therefore comparable to the relief afforded a defaulting defendant.” (Peltier v. McCloud River R.R. Co., supra, 34 Cal.App.4th at pp. 1820-1821.)
In Avila v. Chua (1997) 57 Cal.App.4th 860 [67 Cal.Rptr.2d 373], the court held that the mandatory provision does apply where a dismissal was entered after the court struck plaintiff’s late-filed opposition to defendant’s motion for summary judgment and entered judgment for defendant. The court distinguished Ayala because in the case before it there had been “no ‘litigation and adjudication on the merits’ ” and “[a]ppellant lost his day in court due solely to his lawyer’s failure to timely act.” (57 Cal.App.4th at p. 868.)
Appellant’s situation is similarly distinguishable. Like the plaintiff in Avila—and unlike appellants in Ayala—appellant herein never had an opportunity to litigate the merits of her claim. Although the arbitrator purported to issue an “award” of “$0,” the effect was the same as a dismissal for failure to appear on the first day of trial. (See § 581, subd. (Z) [“The court may dismiss, without prejudice, the complaint in whole, or as to that defendant when either party fails to appear at the trial and the other party appears and asks for the dismissal.”].) Thus, the judgment entered in this matter was analogous to a default because it came about as a result of appellant’s failure to appear and litigate at the arbitration hearing. For that reason, we believe that the mandatory provision is applicable.
Ill
We now turn to the application of the mandatory provision to the facts of this case. To obtain relief under the mandatory provision, “counsel need not show that his or her mistake, inadvertence, surprise or neglect was excusable. No reason need be given for the existence of one of these circumstances. Attestation that one of these reasons existed is sufficient to obtain relief, unless the trial court finds that the dismissal did not occur because of these reasons. [Citation.]” (Graham v. Beers (1994) 30 Cal.App.4th 1656, 1660 [36 Cal.Rptr.2d 765].) The only question is whether or not the dismissal was in fact caused by attorney neglect rather than, for example, actions of the client or an intentional strategic decision. (See, e.g., *602 Todd v. Thrifty Corp. (1995) 34 Cal.App.4th 986, 991-992 [40 Cal.Rptr.2d 727]; Johnson v. Pratt & Whitney Canada, Inc. (1994) 28 Cal.App.4th 613, 622-623 [34 Cal.Rptr.2d 26].) The “unless” clause of the mandatory provision in section 473, subdivision (b) is “a causation testing device.” (Cisneros v. Vueve (1995) 37 Cal.App.4th 906, 912 [44 Cal.Rptr.2d 682].) “The statute mandates relief ‘unless the court finds that the default . . . was not in fact caused by the attorney’s mistake, inadvertence[,]’ etc.” (Ibid., italics original.)
It was undisputed that but for the inadvertent mistakes of appellant’s counsel, the case would have proceeded to arbitration on the merits. Counsel admitted that he failed to properly calendar the arbitration hearing date and then failed to request a trial de novo in a timely fashion after receiving notice of the zero arbitration award. There is nothing to suggest that the client was in any way responsible for these errors or that they represented a deliberate strategic decision. Counsel’s calendaring error and neglect of this important matter once the need for the request for trial de novo arose were the sole cause of the judgment entered.
The evidence in the record is uncontradicted and can support only one conclusion as a matter of law: that fault is solely attributed to counsel for appellant. We conclude that the mandatory provision of section 473 applies and that the judgment must be vacated. However, under section 473, the court “shall, whenever relief is granted based on an attorney’s affidavit of fault, direct the attorney to pay reasonable compensatory legal fees and costs to opposing counsel or parties.” (§ 473, subd. (b).) On remand, the amount of fees and costs to award respondents must be determined.
Disposition
The judgment in this matter is reversed, and the case remanded to the trial court for further proceedings in accordance with this opinion. Respondents to recover their costs on appeal.
Hastings, J., concurred.

 Unless otherwise specified, all statutory references are to the Code of Civil Procedure.

 At that time, none of the declarations explaining that the May 22 letter had not been received had been filed. Supplemental declarations of Moreno and Maria Cruz addressing this point were submitted in connection with the reply.

 Rules 1607 and 1611 of the California Rules of Court require that arbitration hearings, including continuances, be scheduled in such a way as to allow the arbitration to be completed no later than “90 days from the date of the assignment of the case to the arbitrator . . . .” (Cal. Rules of Court, rule 1611.) However, the Los Angeles Superior Court local rules allow the date to be set “so as to allow the completion of the arbitration by the date ordered by the court.” (Super. Ct. L.A. County Rules, rule 12.10.) Here, the court gave the parties no particular arbitration completion date, but ordered a further status conference on June 22, 1995.

 Because the court considered the motion on the merits rather than denying it as an improper motion for reconsideration, we must assume that this interpretation prevailed.

 Section 1285 allows “[a]ny party to an arbitration in which an award has been made” to “petition the court to confirm, correct or vacate the award.” Former section 1286.2 set out the grounds for vacating the award: “Subject to Section 1286.4 [which contains certain procedural requirements], the court shall vacate the [arbitration] award if the court determines any of the following: [IQ (a) The award was procured by corruption, fraud or other undue means. HD (b) There was corruption in any of the arbitrators. HQ (c) The rights of the party were substantially prejudiced by misconduct of a neutral arbitrator. HQ (d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted. HQ (e) The rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title. HQ (f) An arbitrator making the award was subject to disqualification upon grounds specified in subdivision (e) of Section 1282, but failed upon receipt of timely demand to disqualify himself or herself as required by those provisions. . . .” Appellant argued that the arbitrator exceeded his powers under rule 1610(b) of the California Rules of Court which provides in relevant part: “The arbitration may proceed in the absence of any party who, after due notice, fails to be present and to obtain a continuance. An award shall not be based solely upon the absence of a party.”

 Although appellant urged the application of the mandatory provision of section 473 only obliquely below and not at all in the opening brief on appeal, the appellate court has the discretion to consider a new issue on appeal where it involves a pure question of the application of law to undisputed facts. (Canaan v. Abdelnour (1985) 40 Cal.3d 703, 722, fn. 17 [221 Cal.Rptr. 468, 710 P.2d 268, 69 A.L.R.4th 1915]; In re Marriage of Moschetta (1994) 25 Cal.App.4th 1218, 1227 [30 Cal.Rptr.2d 893]; Hoffman-Haag v. Transamerica Ins. Co. (1991) 1 Cal.App.4th 10, 15-16 [1 Cal.Rptr.2d 805].) In addition, we may decide a case on any legal theory, whether or not urged by counsel in the appellate brief. (Banco Do Brasil, S.A. v. Latian, Inc. (1991) 234 Cal.App.3d 973, 999, fn. 41 [285 Cal.Rptr. 870]; 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 595, pp. 629-630.) We sent a letter pursuant to Government Code section 68081 requesting further briefing on the issue.

 Turning to the question of whether the trial court abused its discretion in ruling that there was no excusable neglect, we said: “Our review of this issue is guided by familiar principles which require that we indulge all legitimate and reasonable inferences to uphold the judgment and reverse only upon a showing that the trial court exceeded the bounds of reason in light of all the circumstances. [Citations.] On matters of credibility, we defer to the trial court. [Citation.] Applying these principles, we are unable to find any abuse of discretion in the trial court’s order denying relief under section 473. [1 . . . The fact that appellants’ counsel voluntarily took over a large number of cases in which respondent Southwest was a party is *600 not, in and of itself, sufficient to show excusable neglect. Under such circumstances it is obviously necessary to take immediate precautions to avoid missing any one of the many procedural time limitations which are intrinsic to civil litigation. The failure to do so does not constitute excusable neglect.” (Ayala v. Southwest Leasing & Rental, Inc., supra, 7 Cal.App.4th at pp. 44-45.)