[No. C036185. Third Dist. Feb. 26, 2002.]

MICHAEL GOTSCHALL, Plaintiff and Respondent, v.
PEGGY DALEY, Defendant and Appellant.

480

## COUNSEL

Parish & Nelson and Robert D. Nelson for Defendant and Appellant.

The Law Office of Clair & Bossi, Steven A. Clair and David R. Lebeouf for Plaintiff and Respondent.

## OPINION

NICHOLSON, J.—Plaintiff Michael Gotschall sued defendant Peggy Daley for assault, battery, and conspiracy. The trial court dismissed the case for lack of evidence establishing causation. Plaintiff moved to vacate the dismissal and to augment the expert witness list to include a witness who would establish causation. The trial court granted plaintiff's motions and ordered a new trial. We reverse.

## BACKGROUND[1]

Plaintiff filed a complaint for damages alleging assault, battery, conspiracy, negligence, and negligent supervision in response to events occurring November 6, 1994. On that date, plaintiff was living in defendant's home. Defendant was in jail at the time for violating conditions of her drug treatment plan. On November 6, Carl "Whiskey" Harshbarger, a friend of defendant, entered the home and beat plaintiff with a metal baton, causing serious injuries. Plaintiff was taken to the hospital, where he was treated by Dr. F. Karl Gregorius, a neurosurgeon.

Harshbarger was arrested and pled guilty to battery with great bodily injury. Plaintiff did not sue Harshbarger. Instead, plaintiff sued defendant on the theory of conspiring and encouraging Harshbarger to harm him. He also sued other owners of the residence on the theory of negligent supervision. Summary judgment was entered for the other owners based upon insufficient evidence.

Prior to the summary judgment, the other owners of the residence made a timely and proper demand for exchange of expert witness information pursuant to Code of Civil Procedure section 2034.[2] The only expert disclosed by plaintiff was an economist, who would testify on plaintiff's inability to work and loss of earnings. Plaintiff's declaration also stated he would be calling all treating and consulting physicians as nonretained experts, without specifically naming any of them. Five days prior to the trial

---

[1]Plaintiff provides a statement of facts in his respondent's brief but makes no attempt to support it with citations to the record. (See Cal. Rules of Court, rule 14(a) [requiring citations to record].) We therefore disregard his statement of facts. (See *Monzon v. Schaefer Ambulance Service, Inc.* (1990) 224 Cal.App.3d 16, 23, fn. 1 [273 Cal.Rptr. 615].)

[2]All statutory references are to the Code of Civil Procedure, unless otherwise designated.

date, defendant made several motions in limine, including a motion, based upon plaintiff's failure to disclose any expert witnesses on the issue of causation, to exclude any testimony or arguments that plaintiff's injuries were caused by Harshbarger.

Plaintiff was served with the motions in limine on January 5, and thereafter, on January 7, plaintiff subpoenaed Dr. Gregorius to testify. Dr. Gregorius informed plaintiff he was unable to comply with the subpoena because he would be out of the country for several weeks. On the day of trial, plaintiff moved for a continuance based upon the unavailability of Dr. Gregorius. Defendant objected to the continuance based on the lack of a showing Dr. Gregorius's testimony would establish causation and on the failure to disclose Dr. Gregorius in the expert witness list.

The trial court found the lack of specificity in naming treating physicians constituted an improper disclosure of expert witnesses. Thus, section 2034 precluded the court from granting a continuance, which otherwise would have been proper. It was undisputed Dr. Gregorius's testimony was plaintiff's only means of proving causation. The court granted defendant's oral motion for dismissal based upon plaintiff's inability to establish an essential element of his case, causation, without expert testimony.

Thereafter, plaintiff filed a timely motion to vacate the dismissal and a motion to augment the expert witness list to include Dr. Gregorius. Plaintiff's motions were based upon the mandatory provision of section 473, subdivision (b), which deals with attorney errors leading to dismissal or default. Plaintiff contended counsel mistakenly believed it was unnecessary to name treating physicians who would give opinion testimony as experts in the expert witness disclosure. He asserted this was a valid mistake of law, which caused him to lose his day in court, as his case was dismissed prior to adjudication on the merits. The trial court granted both motions and set a new trial date.

## DISCUSSION

■ On appeal, defendant contends the trial court erred in vacating the dismissal under the mandatory provisions of section 473, subdivision (b). Because the mandatory provision only applies narrowly to defaults and dismissals "akin" to defaults, defendant asserts the trial court erred by applying it to this situation. We agree.

In order to vacate a dismissal caused by the mistake of an attorney, the trial court must determine plaintiff is entitled to relief under section 473,

subdivision (b). Section 473, subdivision (b) states, in pertinent part: "Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect."

■  Although the language of the mandatory provision of section 473, subdivision (b), on its face, "affords relief from unspecified 'dismissal' caused by attorney neglect, our courts have, through judicial construction, prevented it from being used indiscriminately by plaintiffs' attorneys as a 'perfect escape hatch' [citations] to undo dismissals of civil cases." (*Huens v. Tatum* (1997) 52 Cal.App.4th 259, 263 [60 Cal.Rptr.2d 438].) Courts have limited the application of the mandatory provision to those dismissals procedurally equivalent to defaults. (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 618 [107 Cal.Rptr.2d 489] (hereafter *Leader*); *Peltier v. McCloud River R.R. Co.* (1995) 34 Cal.App.4th 1809, 1817-1824 [41 Cal.Rptr.2d 182] (hereafter *Peltier*).) " '[A] default judgment is entered when a defendant fails to appear, and, under section 473, relief is afforded where the failure to appear is the fault of counsel. Similarly, under our view of the statute, a dismissal may be entered where a plaintiff fails to appear in opposition to a dismissal motion, and relief is afforded where that failure to appear is the fault of counsel. The relief afforded to a dismissed plaintiff by our reading of the statute is therefore comparable to the relief afforded a defaulting defendant.' " (*Leader, supra,* at p. 619, citing *Peltier, supra,* at pp. 1820-1821; see also *English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130, 141 [114 Cal.Rptr.2d 93].) This interpretation is consistent with the statute's policy to put plaintiffs whose cases are dismissed for counsel's failure to respond to the dismissal motion on the same footing as defendants who have defaulted because of counsel's failure to respond. (*Huens v. Tatum, supra,* at p. 264.) The purpose of the statute is to relieve the hardship on those parties who have lost their day in court solely because of counsel's inexcusable failure to act. (*Ibid.*) Section 473, subdivision (b) was never intended to be a "catch-all remedy for every case of poor judgment on the part of counsel which results in dismissal." (*Huens,* at p. 264.)

■  Courts have held the mandatory provision is inapplicable to voluntary dismissals (*Huens v. Tatum, supra,* 52 Cal.App.4th at p. 264) and

dismissals for lapsing of the statute of limitations (*Castro v. Sacramento County Fire Protection Dist.* (1996) 47 Cal.App.4th 927, 933 [55 Cal.Rptr.2d 193]), failure to serve a complaint in a timely manner (*Bernasconi Commercial Real Estate v. St. Joseph's Regional Healthcare System* (1997) 57 Cal.App.4th 1078, 1080 [67 Cal.Rptr.2d 475]), failure to prosecute (*Peltier, supra,* 34 Cal.App.4th at p. 1817), and failure to file an amended complaint after a demurrer has been sustained with leave to amend. (*Leader, supra,* 89 Cal.App.4th at p. 620.)

■ Similarly, we find the mandatory provision has no application to this situation. Counsel did not fail to oppose the dismissal motion. Plaintiff had an opportunity to contest the dismissal. At the hearing on the motion, plaintiff's counsel conceded expert testimony was essential to prove causation. Without testimony on causation, plaintiff failed to meet his burden on an essential element of the cause of action. Since plaintiff did not possess sufficient evidence to maintain his cause of action, the trial court granted defendant's motion to dismiss. Lack of success in contesting a motion does not equate to plaintiff losing his day in court. "Day in court" does not guarantee a trial on the merits, but, rather, is interpreted to confer an opportunity to present evidence and argument in opposition to a motion to dismiss. (*Leader, supra,* 89 Cal.App.4th at p. 621.) Clearly, plaintiff had his day in court. He had the opportunity to present evidence, including evidence concerning causation, but failed to do so. (See *Leader, supra,* 89 Cal.App.4th at p. 621; *Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 683 [68 Cal.Rptr.2d 228]; *Generale Bank Nederland v. Eyes of the Beholder, Ltd.* (1998) 61 Cal.App.4th 1384, 1398 [72 Cal.Rptr.2d 188].)

Counsel made an unfortunate error, believing he could elicit expert testimony from Dr. Gregorius without designating him as an expert in his disclosure.[3] However, the mandatory provision of section 473, subdivision (b) applies only to those situations in which the mistake causes a failure to oppose a dismissal motion, such as failing to appear for the hearing on the motion. Applying the provision to this case, in which counsel simply failed to present evidence of causation properly, would be contrary to the statute's policy and would provide attorneys with a "perfect escape hatch" for any and all tactical errors and mistaken judgments. It would allow plaintiffs to circumvent the expert witness disclosure requirements, knowing any dismissal resulting therefrom could be undone, and therefore would be contrary

---

[3]Plaintiff makes no argument that he was not required to disclose Dr. Gregorius as an expert witness. (See *Schreiber v. Estate of Kiser* (1999) 22 Cal.4th 31, 34 [91 Cal.Rptr.2d 293, 989 P.2d 720] [treating physician designated as expert, but no declaration furnished describing physician's testimony].) At oral argument, plaintiff's counsel conceded he should have listed Dr. Gregorius on his expert witness list.

to public policy considerations. (*Generale Bank Nederland v. Eyes of the Beholder, Ltd., supra,* 61 Cal.App.4th at pp. 1396-1397.) Hence, the trial court had no power to grant relief under the mandatory provision of section 473, subdivision (b).

Plaintiff relied exclusively on the mandatory provision of the statute in seeking to vacate the dismissal. He did not seek relief under the discretionary provision. Thus, our decision under the mandatory provision is dispositive of the issue and requires reversal. (See *English v. IKON Business Solutions, Inc., supra,* 94 Cal.App.4th at p. 149.) Furthermore, we need not consider whether the trial court properly granted the motion to augment the expert witness disclosure and the new trial because those issues are now moot.

### DISPOSITION

The order granting relief from dismissal is reversed. The trial court is directed to enter judgment in defendant's favor. Defendant shall recover her costs on appeal.

Sims, Acting P. J., and Hull, J., concurred.