[No. C050789. Third Dist. Aug. 28, 2006.]

RONALD VANDERMOON et al., Plaintiffs and Respondents, v.
CLARA JOYCE SANWONG et al., Defendants and Appellants.

### COUNSEL

Paul R. Bartleson for Defendants and Appellants.

No appearance for Plaintiffs and Respondents.

## Opinion

**BLEASE, Acting P. J.**—Relying on Code of Civil Procedure section 473,[1] defendants Suwich Sanwong and Clara Joyce Sanwong (hereafter collectively defendants) moved to set aside a judgment entered against them following a trial conducted in their absence on the ground that their attorney failed to inform them of the trial date.

The trial court concluded that defendants were not entitled to either discretionary or mandatory relief under section 473, subdivision (b) (hereafter section 473(b)) because the motion was not made within a reasonable time, and the judgment was neither a "default" nor a "default judgment" within the meaning of the statute.

■ On review, we reject the holding in *In re Marriage of Hock & Gordon-Hock* (2000) 80 Cal.App.4th 1438 [96 Cal.Rptr.2d 546] (*Hock*), and conclude that the mandatory provision of section 473(b) does not apply to a judgment entered after an uncontested trial in a defendant's absence because such a judgment is neither a "default," a "default judgment" nor a "dismissal" within the meaning of section 473(b). We shall therefore affirm the trial court's denial of defendants' motion to set aside the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Ronald Vandermoon and Denise Aguero (hereafter collectively plaintiffs) sued defendants, owners and managers of a mobilehome park, for property damage, personal injury and negligence related to a fire occurring at the park.

Defendants were represented by Bud E. Lewis and Paul R. Bartleson from the inception of the litigation until sometime in 2003, when Lewis took over handling the case. Bartleson continued to be listed as counsel of record.

On January 2, 2004, the trial court sent out a notice of hearing regarding the case management conference. That notice was mailed to Curry (plaintiffs' attorney), but not Lewis. However, on January 22, 2004 (apparently upon receipt of plaintiffs' case management statement), Lewis filed a case management statement on behalf of defendants, acknowledging the date of the case management conference as January 27, 2004. The court's minute order shows

---

[1] Any further statutory references are to the Code of Civil Procedure unless otherwise designated.

that Lewis and plaintiffs' counsel both appeared at the case management conference, at which time the case was set for trial, and a settlement conference was scheduled. Notices of both hearings were mailed to each party's attorney; however, the notices sent to Lewis were mailed to 114 Main Street instead of his correct address at 1 Main Street.

A settlement conference brief was filed by plaintiffs' counsel, but not served on Lewis. No settlement conference brief was filed on behalf of defendants.

Plaintiffs' counsel attended the settlement conference, but neither Lewis nor defendants appeared. The court's minute order reflects that notice of the hearing date had been sent to Lewis but was returned as "not deliverable" and was not resent by the clerk's office. The court vacated the trial date and set the matter for a trial setting conference on May 14, 2004. Notice of the hearing was sent to Lewis at his correct address at 1 Main Street.

Neither Lewis nor defendants appeared at the May 14, 2004, trial setting conference. The court issued an order to show cause (OSC) for Lewis and set the case for trial on August 30, 2004. Notice of the trial date was sent to Lewis at his 1 Main Street address. An OSC for failure to appear was issued and sent to Lewis at his correct address. Sanctions were later issued against Lewis for failure to appear and respond to the OSC.

On August 30, 2004, the date set for trial, neither defendants nor their attorney appeared. The court's minute order reflects that the hearing was continued to August 31, 2004, for a "default hrg." The following morning, a trial was conducted in defendants' absence. Plaintiffs presented oral and documentary evidence and submitted the matter. Judgment was rendered by the court in plaintiffs' favor. The trial court issued a minute order stating, among other things: (1) defendants failed to appear, (2) defendants were given proper notice of the time and place of trial, (3) the motion to strike defendants' answer and proceed with a default hearing is granted, (4) plaintiffs submitted the matter on the pleadings, (5) plaintiffs' exhibits are received into evidence, and (6) judgment is entered for plaintiffs and against defendants. According to the record, the minute order was not served on either party.

On September 24, 2004, the court, on its own motion, amended its minute order (via an "amended judgment") to reflect the following: defendants' answer was not stricken; instead, the matter proceeded to trial in defendants' absence and, after plaintiffs presented witnesses and documentary evidence, the court found plaintiffs to have met their burden of proof and therefore

entered judgment in their favor. The amended judgment was filed on September 28, 2004; however, the court file does not contain a notice of entry of judgment, and apparently one was never filed. The record does not reflect that the amended judgment was served on Lewis, nor a subsequent writ of execution and abstract of judgment.

In November 2004, defendants received a notice of involuntary lien from the County of Alameda. They contacted Lewis and asked him about it. Lewis told defendants he would look into it and get back to them, but apparently never did, and defendants made no further inquiries to Lewis until February 2005, when they received notice of a wage garnishment from one of the defendant's employers. Lewis again told defendants he would investigate further; however, the record does not indicate whether Lewis provided any further information to defendants.

Defendants contacted Bartleson in early March 2005 and informed him that Lewis had suffered a heart attack and was in the hospital. Bartleson agreed to review defendants' file and, in doing so, discovered the amended judgment had been entered against defendants. On March 17, 2005, Bartleson filed a motion on behalf of defendants for relief from default and default judgment pursuant to section 473. Defendants' motion requested mandatory relief "due to the fault of counsel pursuant to § 473(b) of the Code of Civil Procedure," and "discretionary relief . . . pursuant to § 473(a) of the Code of Civil Procedure due to the surprise, inadvertence or excusable neglect of counsel pursuant to § 473(a) of the Code."

The court denied defendants' motion on July 20, 2005. The court concluded that defendants were not entitled to discretionary relief under section 473 because the request for relief was not made within a reasonable time, given defendants' admission of having received a notice of involuntary lien in November 2004, their awareness that plaintiffs were actively prosecuting the case, and the fact that Lewis had actual notice of the trial date. The court further concluded that, because the judgment was not a default or a default judgment within the meaning of section 473(b), the mandatory provision of that statute does not apply.

## DISCUSSION

Defendants cite three reasons the trial court erred in denying the motion for relief under the mandatory provision of section 473(b): (1) the mere submission of the attorney affidavit of fault within the requisite time period was sufficient to trigger mandatory relief under section 473(b); (2) application was

made within six months of entry of judgment pursuant to the mandatory provision of section 473(b); and (3) section 473(b) applies because the trial in defendants' absence was the "procedural equivalent of a default." Each of the contentions hinges on whether the amended judgment entered by the trial court is subject to the mandatory provision of section 473(b). Because we answer that question in the negative, we need not address defendants' first two points.

■ The circumstances under which section 473(b) mandates relief are limited. Application for relief must be filed within six months of entry of judgment, be in proper form, and be accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect. (§ 473(b).) Once those requirements are met, the court must "vacate any (1) resulting default entered by the clerk . . . which will result in entry of a default judgment, or (2) resulting default judgment or dismissal . . . , unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (*Ibid.*)

■ As expressly worded, section 473(b) applies only to relief sought in response to defaults, default judgments or dismissals. The trial court, citing *English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130 [114 Cal.Rptr.2d 93] (*English v. IKON*), determined that the amended judgment was not in fact a default judgment as contemplated by section 473(b), and refused to apply the mandatory provision of that section.

In response, defendants rely on *Hock, supra*, 80 Cal.App.4th 1438 for the proposition that the uncontested trial in their absence and the resulting judgment was the "procedural equivalent of a default" and thus subject to the mandate of section 473(b). We disagree.

In *Hock*, the trial court conducted a trial in the absence of the defendant and her attorney, Richard Kotler, during which testimony was given by the plaintiff. The defendant filed a motion to set aside the judgment pursuant to section 473(b), accompanied by an affidavit from Kotler declaring that he had been retained just one week prior to the trial and he was not aware of the trial date. (*Hock, supra*, 80 Cal.App.4th at pp. 1440–1441.) Kotler further declared that defendant's prior counsel, Michael Paxton, never informed Kotler that the case was set for trial, nor did Paxton tell Kotler's paralegal about the scheduled trial when the paralegal picked up the file from Paxton's office the evening before trial. (*Id.* at p. 1441.) Plaintiff's opposition to the section 473(b) motion was based, in part, on the argument that Kotler's affidavit of fault did not satisfy the requirements of section 473(b) because the judgment

resulted from an uncontested trial and was therefore not a default judgment. (80 Cal.App.4th at p. 1441.) The trial court denied the motion. (*Id.* at p. 1442.)

On appeal, the *Hock* court reversed the judgment, concluding that the uncontested trial resulting in the judgment against the defendant was "more like the procedural equivalent of a default judgment" because there was no litigation on the merits. (*Hock, supra,* 80 Cal.App.4th at p. 1444.) Specifically, the court noted that the defendant had not had her day in court, since neither she nor her new attorney, Kotler, appeared at trial, and Kotler had not been advised of, nor had he asked about, the status of the case. Hence, because the trial took place in the defendant's absence and "her former and current attorneys failed to appear or protect her interests," the facts are akin to a default for purposes of section 473(b). (80 Cal.App.4th at p. 1446.)

However, this court squarely addressed the attempt by *Hock* and cases like it to expand the limited meaning of the word "default," and rejected anything outside the narrow construction of the language as contrary to what the Legislature intended in *English v. IKON, supra,* 94 Cal.App.4th at pp. 147–149. "[W]e disagree with the growing number of decisions, including *Avila* [*v. Chua* (1997) 57 Cal.App.4th 860 [67 Cal.Rptr.2d 373]], *Yeap* [*v. Leake* (1997) 60 Cal.App.4th 591 [70 Cal.Rptr.2d 680]], and *In re Marriage of Hock & Gordon-Hock* which, in understandable, yet ultimately misguided quests to salvage cases lost by inept attorneys, have applied the mandatory provision far beyond the limited confines the Legislature intended." (*English v. IKON, supra,* at p. 148.)

Thus, for purposes of the mandatory provision of section 473(b), a "default" means only a defendant's failure to answer a complaint, and a "default judgment" means only a judgment entered after the defendant has failed to answer and the defendant's default has been entered. (*English v. IKON, supra,* 94 Cal.App.4th at p. 143.)

Given our prior holdings, and consistent with the Legislature's choice to limit the circumstances in which a court must grant relief under section 473(b) based on an attorney's neglect, the trial court did not err in finding that, because the amended judgment was neither a default nor a default judgment for purposes of section 473(b), the mandatory provision of that section does not apply. Because defendants' appeal does not address the trial court's ruling on the discretionary provision of section 473(b), we need not address that issue.

## DISPOSITION

The judgment is affirmed.

Morrison, J., and Robie, J., concurred.

Appellants' petition for review by the Supreme Court was denied November 15, 2006, S147230. Kennard, J., and Werdegar, J., were of the opinion that the petition should be granted.