[No. B196198. Second Dist., Div. Four. Nov. 30, 2007.]

KAZI SHADAT HOSSAIN, Plaintiff and Appellant, v.
MOHAMMED JAMSHED HOSSAIN, Defendant and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Under California Rules of Court, rules 8.1105 and 8.1110, only the first paragraph, part II of the Discussion, and the Disposition are certified for publication.

COUNSEL

Malhotra & Malhotra, Krishna R. Malhotra; and Howard Posner for Plaintiff and Appellant.

Mary Rafanai-Steele for Defendant and Respondent.

OPINION

**EPSTEIN, P. J.**—This appeal arises from a dispute over the termination of a partnership, Padma, LLC (Padma), between Kazi Shadat Hossain and Mohammed Jamshed Hossain for the operation of a hotel.[1] Kazi appeals from trial court orders enforcing the terms of an agreement settling the partnership dispute and denying relief sought under Code of Civil Procedure section 473 (section 473). In the published portion of this opinion, we hold that the attorney fault provision in subdivision (b) of section 473 does not apply to an attorney's failure to timely file opposition and a cross-motion to a motion to enforce a settlement. In the unpublished portion of the opinion, we find that the trial court did not abuse its discretion in denying Kazi's motion for relief under the discretionary portion of section 473, and that the judgment in favor of Jamshed and against Kazi must be reversed because of a lack of evidence to support the award.

## FACTUAL AND PROCEDURAL SUMMARY*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1] To avoid confusion, we follow the convention of the parties by referring to the litigants, respectively, as Kazi and Jamshed.

*See footnote, *ante*, page 454.

## DISCUSSION

### I*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II

Kazi failed to file timely opposition to Jamshed's motion to enforce the settlement agreement, and also was late in filing his own motion to enforce. The trial court declined to consider these late papers. Kazi argues they should have been considered under section 473, under both the mandatory and the conventional discretionary provisions of the statute. We first discuss the mandatory provision.

■ Kazi argues he was entitled to mandatory relief from his untimely opposition and motion to enforce the judgment under section 473, subdivision (b). That provision provides: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." If the application for relief is made within six months of entry of judgment and is "accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect" the court shall vacate any "(1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (§ 473, subd. (b).)

■ Where an attorney affidavit of fault is filed under section 473, subdivision (b), there is no requirement that the attorney's mistake or inadvertence be excusable. (*Vaccaro v. Kaiman* (1998) 63 Cal.App.4th 761, 770 [73 Cal.Rptr.2d 829].) California courts are divided as to whether the mandatory relief provision of section 473 applies in a context other than default.

Kazi cites a line of authority granting relief under the mandatory provision in situations which they describe as the procedural equivalent of a default. (*In re Marriage of Hock & Gordon-Hock* (2000) 80 Cal.App.4th 1438, 1445–1446 [96 Cal.Rptr.2d 546] [wife and her attorney failed to appear at the time set for further trial of reserved issues, held: procedural equivalent of a

default judgment]; *Avila v. Chua* (1997) 57 Cal.App.4th 860, 868 [67 Cal.Rptr.2d 373] [failure to timely oppose motions for summary judgment, held: case was "directly analogous to a default judgment"]; *Yeap v. Leake* (1997) 60 Cal.App.4th 591 [70 Cal.Rptr.2d 680] [majority found failure of counsel and client to attend arbitration to be analogous to default and held mandatory provision applicable; but see dissent, concluding mandatory provision inapplicable].) These cases, of which *Yeap* is by this division, give a broad reading to the statutory term "default" and "default judgment."

Other cases interpret the mandatory provision according to its terms. We find theses cases more persuasive. The court in *English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130 [114 Cal.Rptr.2d 93] (*English*), disagreed with *Avila v. Chua, supra,* 57 Cal.App.4th 860. "Contrary to the court in *Avila,* we conclude the mandatory provision of section 473(b) simply does not apply to summary judgments because a summary judgment is neither a 'default,' nor a 'default judgment,' nor a 'dismissal' within the meaning of section 473(b). Therefore, regardless of whether summary judgment was entered against English because of her counsel's mistake or neglect, relief from the judgment was not available to her under the mandatory provision of section 473(b), and the trial court properly denied her motion to vacate the judgment under that provision." (*English,* at p. 138.)

■ The *English* court based its conclusion in part on a comprehensive examination of the legislative history of the statute, and the cases interpreting that history. (*English, supra,* 94 Cal.App.4th at pp. 138–143.) Turning to the language of section 473, subdivision (b), the court summarized: "As used in the mandatory provision of section 473(b), 'default' carries its narrower meaning. The mandatory provision of the statute requires the court to vacate not any 'default,' but only a 'default entered by the clerk . . . which will result in entry of a default judgment . . . .' By qualifying the word 'default' in this manner, the Legislature plainly conveyed its intent to use the word in its narrower sense. Thus, the mandatory provision of section 473(b) applies to a 'default' entered by the clerk (or the court) when a defendant fails to answer a complaint, not to every 'omission' or 'failure' in the course of an action that might be characterized as a 'default' under the more general meaning of the word." (94 Cal.App.4th at p. 143, fn. omitted.)

■ The *English* court gave a similar interpretation to "default judgment": "With the word 'default' thus properly understood, the meaning of the term 'default judgment' follows inexorably. A 'default judgment' within the meaning of section 473(b) is a judgment entered after the defendant has failed to answer the complaint and the defendant's default has been entered. (See Code Civ. Proc., § 585 [setting forth procedures for entry of default judgment]; *Peltier v. McCloud River R.R. Co.* [(1995)] 34 Cal.App.4th [1809,] 1820 [41

Cal.Rptr.2d 182] ['a default judgment is entered when a defendant fails to appear'].)" (*English, supra,* 94 Cal.App.4th at pp. 143–144; see also *Prieto v. Loyola Marymount University* (2005) 132 Cal.App.4th 290, 295 [33 Cal.Rptr.3d 639] [mandatory relief not applicable to unopposed summary judgment motion].)

We conclude that Kazi was not entitled to mandatory relief because the circumstances here do not constitute a default or default judgment to bring the case within that provision of section 473, subdivision (b). No default was entered by the clerk, and there was no default judgment.

## III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is reversed with directions to enter judgment in favor of Kazi in the amount of $7,157. The order denying relief under section 473, subdivision (b) is affirmed. Each side is to bear his own costs on appeal.

Willhite, J., and Suzukawa, J., concurred.

---

*See footnote, *ante,* page 454.