Filed 3/18/14

## CERTIFIED <u>FOR</u> <u>PARTIAL</u> <u>PUBLICATION</u>*

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

## (San Joaquin)

----

| | |
|---|---|
| ANTHONY H. NOCETI et al., | C071317 |
| Plaintiffs and Appellants, | (Super. Ct. No. CV033872) |
| v. | |
| REX R. WHORTON, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Joaquin County, Carter P. Holly, Judge. Affirmed in part and reversed in part.

Downey Brand, Anthony L. Vignolo and Jennifer L. Williams for Plaintiffs and Appellants.

Michael & Cammack, John L. Cammack and Susiejane Eastwood for Defendant and Respondent.

---

* Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of part II. of the Discussion.

1

In this appeal we conclude that properly noticed plaintiffs who failed to appear for trial because their attorney miscalendared the date—a trial at which the court granted judgment of $0 to the appearing defendant after reviewing the entire file—are not entitled to mandatory relief under Code of Civil Procedure section 473, subdivision (b) (hereafter, section 473(b)). Such a judgment is not a "dismissal" against plaintiffs for which mandatory relief applies. We also remand this matter to the trial court for its consideration of discretionary relief under section 473(b).

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2007, plaintiffs Anthony H. Noceti and Carol L. Noceti entered into a purchase agreement with defendant Rex R. Whorton to buy his interest in approximately 109 acres of land near Stockton. When defendant allegedly did not complete the purchase agreement, plaintiffs sued him for specific performance and breach of contract.

In October 2009, the trial court granted a default judgment against defendant based on plaintiffs' offer of proof. In April 2011, defendant moved successfully to set aside this judgment.

Trial was set thereafter for October 3, 2011. Although properly notified of this trial date, plaintiffs and their counsel did not appear. Defendant did, however, and moved the trial court for judgment. The court "reviewed the entire file" and granted judgment for defendant in the amount of "$0 principal, $0 pre-judgment interest, $0 attorney fees and $0 costs."[1]

Plaintiffs' counsel subsequently moved to set aside this judgment pursuant to section 473(b); that is the motion at issue in this appeal. The motion included counsel's

---

[1] Upon defendant's postjudgment motion for determination of prevailing party and request for attorney fees, the trial court awarded attorney fees in the amount of $19,425.

declaration explaining he erroneously calendared the trial date for October 10, 2011, because of "serious chronic health problems" and "the loss of [his] secretary."  Plaintiffs' counsel was unable even to appear at the section 473(b) hearing due to the effects of a recent chemotherapy treatment (plaintiffs' counsel had cancer, eventually succumbing to it).

After reviewing the documentary evidence and the arguments of both parties (plaintiffs appeared without counsel present), the trial court denied plaintiffs' section 473(b) motion.

Plaintiffs then retained new counsel and timely filed this appeal in June 2012.

## DISCUSSION

### I.  Section 473(b)'s Mandatory Relief Provision

Plaintiffs contend the trial court erred in refusing to grant section 473(b) mandatory relief from the judgment entered against them, because that judgment was tantamount to a "dismissal" within the meaning of section 473(b).  We disagree.

The mandatory relief provision of section 473(b) provides, as pertinent, "Notwithstanding any other requirements of this section, the court *shall*, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting *default* entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting *default judgment or dismissal* entered against his or her client . . . ."  (Italics added.)

In contrast, the discretionary relief provision of section 473(b) states, as relevant, "The court *may*, upon any terms as may be just, relieve a party or his or her legal representative from *a judgment, dismissal, order, or other proceeding* taken against him

3

or her through his or her mistake, inadvertence, surprise, or *excusable* neglect. Application for this relief . . . shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (Italics added.)

The issue here is whether the judgment entered against plaintiffs is tantamount to a "dismissal" under section 473(b)'s mandatory relief provision.

Several decisions, including many from this court, have interpreted narrowly the word "dismissal" in section 473(b)'s mandatory provision—as applying only when a plaintiff's attorney fails to respond to a dismissal motion. The basic reasons for this narrow construction are threefold:

First, the language of section 473(b), including the statute's structure and the dichotomous nature of the relief it affords, discretionary versus mandatory: The discretionary provision applies to "a judgment, dismissal, order, or other proceeding taken against" a party, while the mandatory provision applies *only* to a "default entered by the [court] clerk," or a resulting "default judgment or dismissal." Such a "default" means only a defendant's failure to answer a complaint and a "default judgment" means only a judgment entered after such failure; so, too, then, "dismissal" must be the procedural equivalent of such a default—i.e., a plaintiff failing to respond to a dismissal motion;

Second, section 473(b)'s history: The Legislature, as a matter of fairness, amended the mandatory provision of section 473(b) to add "dismissal," so as to put plaintiffs on equal footing with defendants who are defaulted for failing to respond to an action (see Historical and Statutory Notes, 15 West's Ann. Code Civ. Proc. (2014 supp.) foll. § 473, p. 25);

4

And, third, the need to harmonize section 473(b)'s mandatory relief with the discretionary dismissal delay statutes (Code Civ. Proc., § 583.410 et seq.): Since nearly every discretionary dismissal—for example, failure to timely serve a complaint, or failure to timely bring a case to trial—is caused by the mistake, inadvertence or neglect of the plaintiff's attorney, a broad reading of section 473(b)'s mandatory relief provision involving dismissals would absurdly abrogate the discretionary dismissal delay statutes by implication. (See, e.g., *Vandermoon v. Sanwong* (2006) 142 Cal.App.4th 315, 320-321 (*Vandermoon*); *English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130, 141-148 (*English*); *Peltier v. McCloud River R.R. Co.* (1995) 34 Cal.App.4th 1809, 1816-1817, 1824 (*Peltier*); see also 8 Witkin, Cal. Procedure (5th ed. 2008) Attack on Judgment in Trial Court, § 196, pp. 800-801 [and cases cited therein]; 8 Witkin, *supra*, § 196 (2013 supp.) p. 77 [and cases cited therein].)

Two decisions have considered section 473(b)'s mandatory relief provision in the context, as here, of a party who fails to appear for trial (or a trial-like proceeding): one from this court, *Vandermoon, supra,* 142 Cal.App.4th 315, and the other from Division Four of the Second Appellate District, *Yeap v. Leake* (1997) 60 Cal.App.4th 591 (*Yeap*).

In *Vandermoon*, we concluded that a properly noticed *defendant who failed to appear for trial* was not entitled to section 473(b) mandatory relief from a judgment entered for the plaintiff who appeared and presented the evidence supporting his case. Such a judgment was not a default or a default judgment within the meaning of the mandatory provision of section 473(b)—it was a judgment following an uncontested trial. (*Vandermoon*, *supra*, 142 Cal.App.4th at pp. 317-321.)

*Yeap*'s facts are nearly our facts. There, the *plaintiff and her counsel failed to attend a judicial arbitration* and the arbitrator rendered a judgment of "$0." (*Yeap*, *supra*, 60 Cal.App.4th at p. 595.) The majority in *Yeap* concluded the plaintiff was entitled to section 473(b) mandatory relief because "the judgment entered . . . was

5

analogous to a default[—]it came about as a result of [plaintiff's and counsel's] failure to appear and litigate at the arbitration hearing." (*Yeap*, at p. 601.) The dissent in *Yeap* concluded there was no default, and no dismissal either—i.e., no withdrawal of an application for judicial relief by the party seeking such relief, nor the removal of such an application by the court. (*Id.* at pp. 603-604 (dis. opn. of Epstein, J.).)

In *English*, we disagreed with the *Yeap* majority and agreed with the *Yeap* dissent. (*English*, *supra*, 94 Cal.App.4th at pp. 144, 147-148.) We characterized the *Yeap* majority's section 473(b) conclusion that the judgment there was analogous to a default as an "unwarranted, expansive interpretation of the mandatory provision of section 473(b) based on statements taken out of context" from our *Peltier* decision. (*English*, *supra*, 94 Cal.App.4th at p. 147.)

Interestingly, the very same appellate district and division (Second Appellate District, Division Four) that decided *Yeap* has now all but repudiated that decision's broad interpretation of section 473(b)'s mandatory provision and agreed with the narrow interpretation this court advanced in *English*. (*Hossain v. Hossain* (2007) 157 Cal.App.4th 454, 458 [holding that section 473(b)'s mandatory provision does not apply to an attorney's failure to timely file opposition to a motion to enforce a settlement (*Hossain*, at p. 456); it must also be noted that Justice Epstein, who dissented in *Yeap*, authored *Hossain*, persuading two colleagues who had not sat on the *Yeap* matter].)

That brings us to the present matter. Here, plaintiffs and their counsel did not fail to respond to a dismissal motion. Instead, they failed to appear for trial because the attorney miscalendared the trial date. Defendant moved for judgment. In considering defendant's request for judgment, the trial court "reviewed the entire file," which included plaintiffs' complaint for specific performance and breach of contract, defendant's answer to the complaint, the legal description of the property in question

6

(exh. A to complaint), and the purchase agreement and initial escrow instructions (exh. B to complaint).

The record does not indicate the trial court granted judgment for defendant, let alone a dismissal, simply because plaintiffs failed to appear for trial. The trial court considered the "entire file" and entered a judgment for defendant, as stated in the accompanying minute order, of "$0 principal, $0 pre-judgment interest, $0 attorney fees and $0 costs."[2]

In light of all we have said above, we must reject plaintiffs' broad reading of the section 473(b) mandatory provision in the context presented here. We conclude the judgment at issue was not tantamount to a "dismissal" within the meaning of that mandatory provision—it was a judgment for defendant following an uncontested trial. Consequently, the trial court did not err in denying plaintiffs mandatory relief from this judgment under section 473(b).

## II. Section 473(b)'s Discretionary Relief Provision[*]

Plaintiffs contend the trial court erred in failing to consider whether section 473(b) discretionary relief from the judgment was appropriate based on their counsel's excusable neglect in failing to appear for trial. We agree and remand to the trial court for further proceedings in accordance with this opinion.

Under the discretionary relief provision of section 473(b), "[t]he court *may*, upon any terms as may be just, relieve a party or his or her legal representative from a *judgment, dismissal, order, or other proceeding* taken against him or her through his or

---

[2] While we recognize the present case differs from *Vandermoon* in that defendant did not have the burden of proof and did not present witnesses at trial, the record supports the conclusion that the trial court considered the merits of the case before ruling.

[*] See footnote, *ante*, page 1.

her mistake, inadvertence, surprise, or *excusable* neglect." (Italics added.)

Understandably, the trial court did not consider discretionary relief because plaintiffs' section 473(b) motion to set aside the judgment quoted the statutory language of the mandatory, but not the discretionary, provision.

However, we find the trial court erred in not considering discretionary relief, given that, the declaration of plaintiffs' counsel and the points and authorities supporting the motion did not limit the relief sought and, at times, were couched in terms of *excusable* neglect (a requirement only for discretionary relief); none of the moving papers expressly requested or was limited to "mandatory" or "discretionary" relief; plaintiffs' counsel did not attend the motion hearing because of his chronic illness and therefore could not raise the issue of discretionary relief in person; and this illness was of a serious, terminal nature. This case, then, is distinguishable from *English*, where the party requesting section 473(b) relief relied expressly and exclusively on the mandatory provision, at trial and on appeal. (*English*, *supra*, 94 Cal.App.4th at pp. 133, 149.)

On remand, the trial court must consider whether plaintiffs are entitled to discretionary relief under section 473(b).[3] [END OF NONPUB. PT. II]

## DISPOSITION

The order denying plaintiffs' section 473(b) motion to set aside the judgment is affirmed regarding mandatory relief and reversed to the extent it denied (or failed to consider) discretionary relief. The matter is remanded to the trial court for its consideration of whether plaintiffs are entitled to section 473(b) discretionary relief and,

---

[3] Defendant also argues that plaintiffs invited any error in the trial court's failure to consider discretionary relief. At the section 473(b) hearing, which plaintiffs' counsel did not attend, plaintiff Anthony Noceti effectively agreed with defendant to just get the matter over with (and he would proceed against his attorney). This was a voice, though, of frustration, of venting; not a voice knowledgeably inviting error.

depending upon that determination, appropriate proceedings related thereto.  Plaintiffs are awarded their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(3).)  (*CERTIFIED FOR PARTIAL PUBLICATION*)


                                                   BUTZ          , J.


We concur:


          ROBIE          , Acting P. J.


          MAURO          , J.