Filed 8/13/15  Crimson Property Management v. CC Fund II, LLC CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| CRIMSON PROPERTY MANAGEMENT, LLC, | B259748 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LC098715) |
| v. | |
| CC FUND II, LLC, | |
| Defendant, | |
| ROBERT G. KLEIN, | |
| Objector and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Frank J. Johnson, Judge.  Affirmed.

Law Office of Robert G. Klein, and Robert G. Klein for Appellant.

Geragos & Geragos, Mark J. Geragos, Ben J. Meiselas and Tyler M. Ross for Plaintiff and Respondent.

_____

In conjunction with an order vacating a default judgment that had been entered when neither the defendant limited liability company nor its attorney of record appeared for a calendared trial date, the trial court ordered the defendant's attorney, Robert Klein, to pay $1,000 to the plaintiff's attorney for the failed start of trial. Attorney Klein (Klein) appeals what he views as a "sanctions" order.[1] We affirm.

## FACTS

In October 2012, plaintiff and respondent Crimson Property Management, LLC (Crimson) commenced an action against CC Fund II, LLC (hereafter CCF) alleging that CCF had breached a written contract for the sale of real property. Crimson's complaint alleged a first cause of action for specific performance of the property sale transaction and related causes of action seeking money damages. The dispute involved a sale of property valued at over $9 million. The case was assigned to Judge Maria Stratton. In April 2013, Crimson filed a first amended complaint. In August 2013, CCF filed its answer represented by Klein. The record suggests that the parties, through their respective attorneys, diligently litigated the dispute after it was placed at issue by the pleadings. At some point in 2013, Judge Stratton set a trial date for December 2, 2013.

On November 20, 2013, the clerk's office prepared a standard form Los Angeles Superior Court document entitled "Notice to Attorneys Re: Continuance of Hearing." The document was addressed to both Klein as well as to Crimson's attorney. It included a clerk's office conformed copy file stamp dated November 20, 2013, and a certificate of mailing which indicated it had been deposited in the mail on November 20, 2013. The document included the following language: "You are hereby notified that the Trial-Jury *previously set for hearing on December 2, 2013 in Dept. NWT has been reset for hearing in the same Department on December 9, 2013 at 10:00 am*." (Italics added.)

---

[1] The order to pay money challenged here is appealable because Klein has been substituted out of the underlying case, and, thus, the order is a "final order" insofar as his involvement in the case is concerned. (See *Barton v. Ahmanson Developments, Inc*. (1993) 17 Cal.App.4th 1358, 1361.) We are not convinced Klein's characterization of the $1,000 he was ordered to pay opposing counsel was a "sanction," an issue we address more fully in this opinion.

2

On November 22, 2013, Judge Stratton held a final status conference where both parties and counsel appeared. At that time, Judge Stratton entered a minute order stating that equitable issues would be tried first by non-jury trial on December 3, 2013. The minute order indicates that Judge Stratton informed the parties that the case would be assigned to Judge Frank Johnson for trial.[2]

On November 25, 2013, Klein received in the mail a copy of the court clerk's "Notice of Continuance" described above. Klein immediately emailed his client, CCF, informing it that trial had been continued to December 9, 2013. According to Crimson's attorney (who was a law student at the time), he also received the clerk's notice of continuance in the mail on November 25, 2013, but he responded differently. The notice of continuance caused him some confusion and concern because of the December 3, 2013 trial date set by Judge Stratton at the final status conference on November 22, 2013, a date which was after the November 20, 2013 file-stamp date on the notice of continuance. Crimson's attorney called Judge Johnson's court clerk to verify whether the December 3, 2013 trial date remained on calendar, and was told that it did.

On December 3, 2013, Crimson's attorney appeared for trial with his client; CCF and Klein did not. When CCF and Klein did not appear for trial, Judge Johnson struck CCF's answer to Crimson's first cause of action for specific performance and then entered its default "as to [the first] cause of action only," and issued a finding "in favor of [Crimson] as to the 1st cause of action for specific performance." Further, Judge Johnson issued an order to show cause to strike CCF's entire answer to Crimson's first amended complaint and set a hearing for December 27, 2013. There is nothing in the court's minute order of December 3, 2013, to indicate that any attempt was made to inquire into the reason CCF and Klein did not appear for trial on a dispute involving more than $9 million.

---

[2] In his opening brief on appeal, Klein tells us that Judge Stratton advised the parties that she had been transferred to the probate court.

3

On December 4, 2013, Judge Johnson signed and entered a "judgment for specific performance" in favor of Crimson and against CCF. The judgment directed Crimson to deposit the purchase price of $9.25 million into escrow within 45 days and directed CCF to execute all documents, including a grant deed, necessary to transfer ownership of the subject property to Crimson.

On December 10, 2013, Klein filed an ex parte application to set aside the default judgment against CCF pursuant to Code of Civil Procedure section 473, subdivision (b)[3] (hereafter section 473(b)). The application for relief was supported by a declaration from Klein who explained that he did not appear for trial on December 3, 2013, because he had received a notice from the court clerk that trial had been continued to December 9, 2013. Klein's memorandum of points and authorities argued there were good cause for setting aside the judgment under mandatory relief provision set forth in 473(b) based on "attorney fault," as well as mistake or excusable neglect. The memorandum of points and authorities did not contend the default judgment was void or otherwise challenge the trial court's power to enter it.

Crimson filed an opposition arguing there was no excusable neglect. It's opposition, not supported by evidence in the form of a declaration, stated that its counsel also had received a copy of the notice of continuance described above, but had found it confusing as its file-stamped date of November 20 pre-dated the orders issued by Judge Stratton at the final status conference on November 22. According to Crimson's papers, its counsel had checked with the court clerk who informed counsel that trial date remained set on calendar for December 3, 2013. Accordingly, Crimson's counsel had shown up at the scheduled time for trial on December 3, 2013. Crimson requested compensatory legal fees in the event the court granted the requested relief.

The arguments at the ex parte hearing are not part of the record, and we are not certain they were recorded. At the conclusion of the ex parte hearing, Judge Johnson issued a minute order which reads, in relevant part, as follows:

---

[3] All further undesignated statutory references are to the Code of Civil Procedure.

4

"Pursuant to CCP Section 473 the Court finds fault in failing appear at trial lies with defense counsel. Good cause appearing, the application is granted. The Court orders the judgment on the 1st cause of action for specific performance, entered on 12/4/13 in favor of [Crimson], set aside and vacated. The Court further orders [Klein] to pay sanctions in the amount of $1,500.00 to [Crimson]'s counsel."

In June 2014, Crimson's counsel obtained a writ of execution for the $1,500 which the trial court had ordered Klein to pay. In August 2014, Crimson's counsel served a notice of levy on the Los Angeles County Sheriff's Department. A week later, the Department mailed the notice of levy to Klein's bank. Eventually, a request for exemption seeking to quash the writ of execution and stay judgment was filed by Klein and was set on the trial court's calendar for October 24, 2014.

On October 10, 2014, CCF filed a substitution of attorney indicating that Klein was no longer its attorney of record.

On October 24, 2014, the trial court denied Klein's request for exemption, denying the motion to quash the writ of execution and stay, but reduced the amount of money ordered paid to Crimson's attorney to $1,000. In the motion seeking exemption, Klein argued for the first time that the default judgment was void.

On October 27, 2014, Klein filed a notice of appeal on his own behalf from the trial court's order directing him to pay money to Crimson's attorney.

## DISCUSSION

Klein contends the trial court erroneously ordered him to pay $1,000 to Crimson's attorney. We disagree.

As noted above, Klein filed an ex parte motion to vacate the default judgment that had been entered against CCF based expressly on section 473(b). The motion argued that attorney Klein was either responsible for a default entered as a result of "attorney fault" or as a result of "excusable neglect," within the meaning of section 473(b). In granting

5

CCF's motion to vacate the default judgment, the trial court accepted attorney Klein's affidavit of fault.

Section 473, provides, in pertinent part:

"(b) . . . [T]he court shall, whenever an application for relief is . . . accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client . . . . *The court shall, whenever relief is granted based on an attorney's affidavit of fault, direct the attorney to pay reasonable compensatory legal fees and costs to opposing counsel or parties. . . .*"

"(c)(1) Whenever the court grants relief from a default, default judgment, or dismissal based on any of the provisions of this section, the court may do any of the following:

"(A) Impose a penalty of no greater than one thousand dollars ($1,000) upon an offending attorney or party.

"(B) Direct than an offending attorney pay an amount no greater than one thousand dollars ($1,000) to the State Bar Client Security Fund.

"(C) Grant other relief as is appropriate." (Italics added.)

Here, Klein argued that the default judgment against CCF had been entered as a result of his actions. The trial court accepted Klein's argument, and, in vacating the judgment, agreed to Crimson's counsel's request that Klein compensate Crimson's attorney, as is either required or allowed under section 473. We simply see no reversible error; the trial court granted relief as requested by Klein and under the law presented to it.

6

Klein contends the trial court abused its discretion in ordering him to pay money to Crimson's attorney counsel. The trial court's minute order labeled the payment as "sanctions" to be paid to opposing counsel. While this leaves us uncertain as to whether the order was for opposing counsel's compensatory legal fees or imposed pursuant to the discretionary sections of 473, subdivision (c)(1)(A) or (C), we find it appropriate under any circumstance. As noted, a compensatory payment of attorney's fees is mandatory aspect of relief under the attorney affidavit of fault provisions in section 473(b). So, if the $1,000 order was such compensation, it could not be an abuse of discretion. If the $1,000 was a penalty imposed under the other discretionary provisions of section 473, subdivision (c)(1), we still find no error. A trial court abuses its discretion when its ruling exceeds the bounds of reason, all of the circumstances before it being considered. (See, e.g., *Denham v. Superior Court* (1970) 2 Cal.3d 557, 566; *Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.) The trial court could reasonably have expected that Klein would have inquired into the confusion caused by the clerk's notice of continuance. Indeed, Crimson's attorney, who was then only a law student, did just that.

In a further attempt to avoid this result, Klein contends that the default judgment entered against CCF was "void" and that the trial court had no authority to order him to pay money to anybody for "making a motion to set aside a void judgment . . . ." We agree that the default judgment which the trial court later set aside was void when it was entered under *Heidary v. Yadollahi* (2002) 99 Cal.App.4th 857 (*Heidary*) and the cases cited and discussed therein. *Heidary* and similar cases teach that a trial court's only options when a defendant who has answered a complaint does not appear for a trial is to go forward with the trial as an uncontested proceeding in the defendant's absence, or to continue the trial. (*Id*. at pp. 862-864.) As stated in *Heidary*: "Where a defendant has filed an answer, neither the clerk nor the court has the power to enter a default based upon the defendant's failure to appear at trial, and a default entered after the answer has been filed is void [citations], and is subject to expungment at any time either by motion

7

made pursuant to Code of Civil Procedure, section 473 or by virtue of the court's inherent power to vacate a judgment or order void on its face. [Citations.]" (*Id.* at pp. 863-864.) However, we do not agree that the order to pay $1,000 when vacating the default judgment must be reversed. The motion to vacate the default judgment that Klein filed in the trial court did not rely on, or even cite to, cases concerning entry of a void judgment. In point of fact, Klein did not bring the issue of a void judgment to the court's attention until many months after the court ruled on his motion for relief from default, when he filed a motion for exemption seeking to quash the writ of execution and request for stay. The fact that the default judgment could have been vacated under *Heidary* does not mean the trial court was wrong to have followed Klein's request to vacate the default judgment under the attorney fault provision of section 473, thus avoiding the *Heidary* issue.[4] There simply was no error.

## DISPOSITION

The trial court's order of December 13, 2013, directing Robert G. Klein to pay $1,000 to Crimson's attorney is affirmed.[5] Respondent is to recover costs on appeal.


BIGELOW, P.J.

I concur:

RUBIN, J.

---

[4]     We summarily reject Klein's argument that he was denied due process by not getting proper notice of the hearing on the section 473 motion given that it was an ex parte motion he brought, especially considering the only record of the proceedings also indicates the trial court gave counsel the opportunity to further brief the issues and set the hearing for another date.

[5]     In the "Conclusion" section of his opening brief on appeal, attorney Klein states that we "should order the County of Los Angeles to pay [him] the funds that were levied upon by the Sheriff . . . ." We decline to issue such an order for the simple reason that we have affirmed the trial court's decision to order attorney Klein to pay attorney's fees to Crimson's attorney.

8

**Flier, J., Dissenting**

I respectfully dissent.

After the final status conference in this case, appellant Robert G. Klein (counsel Klein) received a notice from the clerk of the trial court indicating that trial was continued from December 3, 2013, to December 9, 2013. Apparently that notice was mistaken; trial was not continued. Crimson's counsel also received the notice and was confused by the continuance. Counsel for Crimson Property Management, LLC (Crimson) called the trial court to inquire about the date of the trial and learned that it was set for December 3, 2013, but did not inform counsel Klein that the trial court's notice continuing trial was in error.

Believing that trial started December 9, counsel Klein did not appear at trial on December 3, and the court "[found] in favor of the plaintiff" Crimson. The court later set aside and vacated judgment in favor of plaintiff and ordered counsel Klein to "pay sanctions in the amount of $1,500.00 to plaintiff's counsel." The $1,500 sanction was later reduced to $1,000 without opposition from Crimson's counsel. Code of Civil Procedure section 473, subdivision (c)(1)(A) permits a maximum $1,000 penalty.

The trial court abused its discretion in awarding the $1,000 sanction. Counsel Klein's failure to appear was the result of court error—an incorrect notice of continuance. An attorney should be able to rely on notice from the trial court clerk indicating that trial is continued. I would therefore reverse the trial court's sanction order.

The trial court did not award attorney fees even though plaintiff Crimson requested fees in addition to a penalty. The trial court was not required to award fees because it did not order relief under Code of Civil Procedure section 473's mandatory

1

provision, the only provision requiring fees.[1]  This court cannot review an attorney fee award never entered by the trial court.

I would reverse the order requiring counsel Klein to pay sanctions to opposing counsel.


FLIER, J.

---

[1] Code of Civil Procedure section 473, subdivision (b) contains a discretionary and a mandatory provision.  (*Noceti v. Whorton* (2014) 224 Cal.App.4th 1062, 1065-1066.) "The discretionary provision applies to 'a judgment, dismissal, order, or other proceeding taken against' a party, while the mandatory provision applies *only* to a 'default entered by the [court] clerk,' or a resulting 'default judgment or dismissal.'" (*Ibid*.)  The mandatory provision requires reasonable compensatory legal fees when relief is granted based on attorney affidavit of fault.  (§ 473, subd. (b).)