Filed 6/15/22  Sarwari v. Lodin CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SAJIDA SARWARI,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>SHAKIRULLAH LODIN,<br><br>        Defendant and Respondent. | A163918<br><br>(Alameda County<br>Super. Ct. No. RG19017210) |

When Sajida Sarwari and her attorney failed to appear at a hearing on Sarwari's application for an order to show cause regarding contempt of a restraining order, the trial court dismissed the application without prejudice. Sarwari moved to set aside the dismissal order on grounds of mistake, inadvertence, surprise, and excusable neglect, and now appeals from the trial court order denying her motion.  Because she fails to show prejudicial error, we shall affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2019, Sarwari was granted a civil harassment restraining order against Shakirullah Lodin.

In January 2021, Sarwari filed an application for an order to show cause regarding contempt of the restraining order.  (All subsequent dates are in 2021.)  The application, which is not included in the record on appeal, was granted in February, but in April the court vacated the order granting the

1

application on its own motion, based on its conclusion from the record that the application had not been properly served on Lodin. The court scheduled a hearing on the application to take place in May.

At the May hearing, where Sarwari and her counsel appeared by means of the BlueJeans remote platform and Lodin and his counsel appeared in person, the court continued the matter to August "for service of the application."

At the August hearing, Sarwari, Lodin, and their counsel appeared via BlueJeans. When the court attempted to conduct the arraignment, Sarwari's counsel stated that one of the counts should be dismissed. It was not clear to the court or Lodin's counsel what was to be dismissed, because the documents that Sarwari had filed with the court and served on Lodin did not include specific allegations in support of the order to show cause.[1] The court continued the hearing "for arraignment only" to September 23, and ordered that the September 23 hearing would take place in person, with the parties expected to appear at 10:00 a.m. in "Department 105, Civil Harassment, Wiley W. Manuel Courthouse, 661 Washington Street, Oakland."

On September 23, Lodin and his counsel were in the courtroom when the matter was called at 10:40 a.m., but neither Sarwari nor her counsel were present. Per the minute order from that day, the court noted that doors to the courtroom had been opened to the public at 8:40 a.m. and that the BlueJeans platform was functioning, and then "dropped" the application on account of Sarwari's failure to appear.

On October 5, Sarwari's counsel, Allan Frumkin, filed a motion to set aside the dismissal of Sarwari's application for mistake, inadvertence,

---

[1] Sarwari's counsel subsequently filed and served a "summary of counts."

surprise, and excusable neglect, pursuant to Code of Civil Procedure section 473, subdivision (b) (§ 473(b)).[2] The motion was set for hearing on October 12, and was accompanied by a declaration from Frumkin, and a proposed order setting Lodin's arraignment.

At the October 12 hearing, the trial court heard testimony from Frumkin and from Lodin's counsel. Based on Frumkin's testimony and the declaration that he submitted with the motion to set aside, the following facts were established: On September 23, Frumkin took the train from Sacramento to Oakland and arrived at the courthouse by 8:30 a.m. He looked at a posted case calendar in the courthouse lobby and did not see his case listed.[3] Frumkin called his client, who was not at the courthouse, and she told him she was not aware of a hearing. Frumkin then assumed he had made a mistake about the date of the hearing, and headed back to the train station just before 9 a.m. Frumkin testified that he never attempted to open the courtroom doors to Department 105, where the matter was set for hearing, and did not go up to the fourth floor of the building, where the courtroom was located; that he did not call the court to ask about the hearing; and that he did not attempt to use the BlueJeans platform to contact the court. He testified that he was sitting outside the courthouse before he left for the train station, and did not see Lodin's counsel while he was sitting there. At about 10:20 a.m., Frumkin received a message from his secretary, who reported that Lodin's counsel had told her that the court could be calling

---

[2] All statutory references are to the Code of Civil Procedure.

[3] Apparently, the case calendar that Frumkin reviewed, which was in the lobby of the courthouse, listed only criminal cases. Department 105, where the matter was set for hearing, was the only civil department in the courthouse, and the calendar for that department was posted outside the Department 105 courtroom door.

the case in 10 minutes. Frumkin could have returned to the courthouse at that point, but he could not have been there by 10:30. Frumkin instructed his secretary to have an associate contact Lodin's counsel and ask Lodin's counsel to tell the court that Frumkin could not appear at 10:30 and to ask the court to set the matter for trial on Sarwari's behalf. At 10:35 a.m., Frumkin received a message from his associate stating that Lodin's counsel "will tell the court you can't make it and will set the matter."

Lodin's counsel testified that he came into the courtroom a few minutes before 9:00 a.m. on September 23, and that just before he entered the building he saw Frumkin sitting outside, but he did not believe that Frumkin had noticed him, and he had speculated that Frumkin was waiting for his client. Lodin's counsel testified that at about 10:20 that morning, when the court told him that the case would be called in 10 minutes, he called Frumkin's office. He did not have Frumkin's cell phone number, but he thought Frumkin was still outside the building and that Frumkin's office could let him know to come up to the courtroom. Frumkin's secretary said she would contact Frumkin; then Lodin's counsel received a call from Frumkin's associate telling him that Frumkin had left and asking him to ask the court to reset the matter to another date. When the matter was called, Lodin's counsel relayed to the court that Frumkin had left and could not come back, and asked that the court reset the matter to another date.

Lodin's counsel further testified that the court had asked whether he consented or objected to the request for a new date, and that he responded by expressing "reservations," and mentioning that he thought the application for contempt and the failure to appear at court were part of a pattern of harassing his client.

4

After hearing testimony from Frumkin and from Lodin's attorney, the court noted that Frumkin and his client were present when the September 23 hearing was set and that minutes from the August hearing had been sent out. The court found that on September 23 there were several ways for Frumkin to have determined that the matter was on calendar for that day, and that it was "outrageous" that Frumkin relied on the criminal case calendar posted downstairs at the courthouse and did not "even come into the courtroom, come to the department, open the door, call the department, e-mail the department, get on Blue Jeans."

The court concluded that there was "no good reason" for Frumkin's failure to be present in court on September 23, and denied Sarwari's motion to set aside. Sarwari appealed. Lodin did not file a respondent's brief, and oral argument was waived. Therefore, we shall decide the appeal on the record and Sarwari's opening brief. (Cal. Rules of Court, rule 8.220(a)(2).)

## DISCUSSION

The Code of Civil Procedure authorizes the court to "relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473(b).) "The common requirement is that the error must have been *excusable.* [Citation.] The standard is whether ' "a reasonably prudent person under the same or similar circumstances" might have made the same error.' " (*Solv-All v. Superior Court* (2005) 131 Cal.App.4th 1003, 1007.) The trial court is vested with broad discretion to determine whether to grant relief under this provision; its factual findings are entitled to deference; and we will reverse the trial court's determination only if it " 'exceed[s] the bounds of reason.' " (*Ibid.*)

5

The Code of Civil Procedure also provides for mandatory relief for a party from a "default entered by the clerk . . . which will result in entry of a default judgment," or from a "default judgment or dismissal." (§ 473(b).) Mandatory relief is available if "an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect." (*Ibid.*) If the prerequisites for the mandatory provision of section 473(b) have been met, the trial court has no discretion to refuse relief. (*Carmel, Ltd. v. Tavoussi* (2009) 175 Cal.App.4th 393, 399.) If, as is the case here, the underlying facts are not in dispute, the issue of mandatory relief presents a question of law and is subject to de novo review. (*Ibid.*)

Sarwari argues that the trial court's finding that Frumkin acted unreasonably in failing to appear on September 23 is not supported by substantial evidence, and that therefore the trial court abused its discretion in denying Sarwari's motion. We disagree. There was evidence that Sarwari and Frumkin were present at the August hearing when the court set the arraignment for September 23 and that minutes of the August hearing were served on Sarwari. There was evidence that Frumkin arrived at the courthouse from Sacramento about 90 minutes before the arraignment was set; that Frumkin checked a calendar in the lobby of the courthouse and did not see his matter listed; and that Frumkin left the courthouse to return to Sacramento more than an hour before the arraignment was set without going to the specific courtroom where the matter had been noticed for hearing and without attempting to contact the court to determine the status of the hearing.

6

The trial court could determine that after not seeing Sarwari's case listed on a calendar in the courthouse lobby, a reasonably prudent person in Frumkin's position on the morning of September 23 would have gone to the courtroom or attempted to contact the court before assuming that the hearing would not take place and leaving the vicinity. We are not at all persuaded by Sarwari's contention that the trial court's finding that Frumkin acted unreasonably was an abuse of discretion in the absence of evidence that "reasonable persons would call the department, email the department, try the door to the department, etc."

Sarwari argues in the alternative that the trial court was required to grant her request for relief from the dismissal order under the mandatory provision of section 473(b).[4] We reject this argument because the "dismissal" at issue in this case is not a "dismissal" for the purposes of the mandatory provision. The word "dismissal" in the mandatory provision is interpreted narrowly to apply only when a plaintiff's attorney fails to respond to a dismissal motion. (*Noceti v. Whorton* (2014) 224 Cal.App.4th 1062, 1065-1066 [explaining the basis of the narrow construction of "dismissal" in the mandatory provision, in contrast to the broad construction of the term in the discretionary provision]; Weil et al., Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2022) ¶ 5:299.2 ["[r]elief is mandatory only from those dismissals which are the 'procedural equivalent of a default' "].) This is not a case in which a plaintiff failed to respond to a dismissal motion, nor is this anything like a default. Instead, because of attorney neglect,

---

[4] Although Sarwari's motion to set aside asked for relief from the dismissal under the discretionary provision of section 473(b), in the course of the hearing, her counsel asked the court to set aside the dismissal under the mandatory provisions of section 473(b). The trial court declined to do so.

Sarwari and her attorney failed to appear for a hearing on her application for contempt, and the court "dropped" her application for an order to show cause from the calendar in light of the failure to appear. Because the mandatory provision of section 473(b) is inapplicable, the trial court did not err in denying counsel's oral request that the court set aside its order under that provision.

In sum, we conclude that Sarwari failed to show error by the trial court. But even if she had, we would not reverse the trial court's order because in addition to showing error, an appellant must show prejudice from the error. (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963.) The California Constitution permits reversal only if "the error complained of has resulted in a miscarriage of justice." (Cal. Const., Art. VI, § 13.) And the Code of Civil Procedure provides that appealed judgments and orders may be reversed only if the record shows that an error was "prejudicial"; the error caused appellant "substantial injury'" and absent the error "a different result would have been probable." (§ 475.) Sarwari, however, does not even attempt to show prejudice in her appellate brief; in particular, she makes no attempt to show that she suffered any substantial injury from the trial court order "dropping" her application. And we are hard pressed to see how she could have been substantially injured or prejudiced, in view of Sarwari's own characterization of the order as a dismissal "without prejudice," and the trial court's statement that Sarwari could always file a new application.

## DISPOSITION

The challenged order is affirmed.

8

_____
Miller, J.

WE CONCUR:


_____
Stewart, Acting P.J.


_____
Mayfield, J.*


A163918, *Sarwari v. Lodin*

---

* Judge of the Mendocino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.